### W. C. COOK ET AL. v. T. W. OLIVER, GUARDIAN.

#### No. 3299.

1. **Description in Deed—Limitation of Five Years.**—A deed conveyed "all the right, title, interest, and claim that I have in or to 450 acres of land situated in Houston County, on the east bank of Trinity River, and the same is known as the Brookfield Bluff place, and same is now occupied by said Murphy (grantee), and the field notes as made by W. M. James are hereby made a part of this transfer." *Held*, that the description was not sufficient to make the deed a basis for title by limitation of five years.

2. **Same.**—Such deed is voidable for want of a sufficient description. Parol evidence was admissible to identify the land so imperfectly described.

3. **Trespass to Try Title—Allegations as to Possession of Defendant.**— The facts of the defendant's trespass upon and withholding the possession of the land sued for in trespass to try title, are alleged for purpose of showing the plaintiff's right to the land, etc. It is not the purpose of the law that the allegation of such facts will dispense with the necessity of evidence by the defense to prove possession to sustain a defense under the statute of limitations. See example.

APPEAL from Houston. Tried below before Hon. F. A. WILLIAMS. The opinion states the case.

*H. A. Moore*, for appellants.—1. It is only necessary to describe the land with sufficient certainty to identify it. Sayles' Civ. Stats., arts. 3193, 3196, 3199, 3225; Murphy v. Welder, 58 Texas, 235; Kelly v. Medlin, 26 Texas, 48; McDonough v. Jefferson County, 79 Texas, 537, and authorities cited.

2. The evidence, taken in connection with the admissions in the petition of plaintiffs, shows that after J. T. W. Murphy took possession he held it until the judgment of Fontaine; and the allegations of the

petition show that the defendant was still in the possession when this suit was brought—which was filed June 11, 1890—having held actual and adverse possession more than ten years.    Sayles' Civ. Stats., art. 3195.

*W. A. Stewart,* for appellee.—It is admitted "that is certain which can be rendered certain" is a correct maxim.    But that certainty must arise out of and be found in the deed or by reference in the deed to facts of record, etc., and not dehors the record.

· FISHER, JUDGE, *Section B.*—This suit was instituted April 3, 1890, by Thomas W. Oliver, for the use and as guardian of the minors James B. and Robert L. Oliver.    They sue as the heirs of their deceased mother Emma Oliver, formerly Emma Brookfield, in trespass to try title for the recovery of 450 acres of land known as the Brookfield Landing. The land is described in the petition.    The suit was originally instituted against W. C. Cook.    The appellant made herself a party, asserting that she was the landlord of Cook.    Appellant, for answer, (1) demurred specially, because the land is not definitely described in the petition; (2) pleads improvements in good faith; (3) pleads not guilty; (4) pleads the three, five, and ten years statutes of limitation.

The case was tried before the court, who rendered judgment in appellee's favor for the land.    No statement of facts is in the record. The case is here upon the conclusions of fact and law found by the court.

We think there was no error in overruling the demurrer, as the land is sufficiently described in the petition.

In disposing of this case we only consider whether the appellant is entitled to recover the land under her pleas of limitation.    The court finds:

1.    That in 1854 M. B. Lamar held the legal title to an eleven leagues grant of land situated partly in Houston County; that the land in controversy is a part of said grant; that the heirs of W. C. Brookfield claimed two-thirds of a league of said grant of eleven leagues; that litigation resulted between the Brookfield heirs and Lamar; that Emma Brookfield, the mother of James and Robert Oliver, was one of the heirs, parties to said suit; that a judgment was rendered in said suit, when the land in controversy was adjudged to the Brookfield heirs; that Emma Oliver (formerly Brookfield) is dead; that appellant acquired subsequent to the Brookfield heirs a regular chain of title from Lamar to the land embraced in the eleven leagues grant.

2.    Possession of the land spoken of as the Brookfield Bluff on Trinity River was held by parties adversely to the claims involved in that suit, from 1866 to 1875.

3.   The plaintiff Oliver in behalf of the minors he represented held possession of the land from 1876 to December, 1878, when he at said time sold to J. T. W. Murphy.

4.   That Murphy held possession from December, 1878, to April 18, 1887.   The deed from Oliver to Murphy was duly registered December 3, 1878.   Murphy paid all taxes during these years.   On the 18th day of April, 1887, George H. Fontaine, who then held the title to the eleven leagues grant, recovered judgment against Murphy for 450 acres of land "known as the Brookfield Bluff place, on the Fernando Del Valle eleven leagues grant, now occupied by Henry Hall, Henry Turner, and John Turner."   Appellant holds under Fontaine's title, which proceeds from Lamar.   There is no evidence of possession since that time.

5.   The deed from Oliver conveyed to Murphy "all the right, title, interest, and claim that I have in or to 450 acres of land situated in Houston County, on the east bank of Trinity River, and the same known as the Brookfield Bluff place, and same now occupied by said Murphy, and the field notes as made by W. M. James are hereby made a part of this transfer."   James in 1884 had surveyed the land in controversy under the decree in the case of Lamar v. Brookfield Heirs. It appeared from the facts as found that there was a crossing and a steamboat landing on Trinity River known as Brookfield Bluff, but it was not shown that there was any particular number of acres or any definite boundaries known as the Brookfield Bluff place.

The conclusions of law found by the court are:

1.   That the title to the land was vested in the Brookfield heirs by virtue of the decree against Lamar, rendered in 1854.   That plaintiffs were entitled to recover.

2.   That the defense of limitation was not sustained by the evidence. Murphy's possession was not sufficient to confer title upon him under the five years statute, because the description of the land in his deed was not sufficient to meet the requirements of the statute.

From these findings of the court, it is seen that Murphy was only in possession about nine years.   The facts found show that possession was not continued after Murphy surrendered possession to Fontaine in 1887.   In order to complete possession for the period of ten years, appellants rely upon the averments contained in appellee's petition, wherein it is alleged that they are trespassers and are withholding possession of the lands from appellee, the contention being that these allegations are tantamount to an admission upon the part of appellee that possession was continued by appellants after Murphy surrendered possession.   Such effect can not be given to the averments of the petition.   The facts are alleged for the purpose of showing plaintiffs' right to the land, and that they are entitled to recover against the de-

fendants. It is not the purpose of the law that the allegations of such facts will dispense with the necessity of evidence offered by defendants for the purpose of showing that they are entitled to the operation of the statute of limitations. The only possession shown by appellants that they can rely upon is that held by Murphy during the nine years he was on the land; and if the deed under which he held possession of the land does not sufficiently describe it, then he is not entitled to assert any right under the five years statute of limitations.

This deed being executed between private parties, the presumption should be indulged in that some interest should pass. This is the rule where the deed is not void for the want of certainty in the description. If for such reason it is void or the ambiguity is patent, parol evidence is not admissible to supply the needed description. But if the deed is simply voidable for the want of a perfect description, and the description as given simply imperfectly describes the land, parol evidence is admissible to aid it. If the description given in the deed does not sufficiently identify the land, it then becomes necessary to offer parol evidence in aid of its identity, so that it can with certainty be determined what land was intended to pass by the conveyance. We think this latter rule should be applied to the deed to Murphy. There is an attempted description given in that deed, but the description as given does not identify the land with the degree of certainty required. In order to ascertain the boundaries and identity of the land mentioned in this deed, it was necessary to have introduced evidence showing these facts. Appellants asserting under this deed, the burden rested upon them in this respect. The findings of the court do not show that such evidence was offered, and no fact is found to exist that identifies the land. We think the description given in the deed, standing alone, unaided by other evidence of identity, insufficient. Harkness v. Devine, 73 Texas, 628; Bullock v. Smith, 72 Texas, 548; Coker v. Roberts, 71 Texas, 601; McDonough v. Jefferson County, 79 Texas, 539. We do not think the court erred in holding that the deed and facts did not sufficiently describe the land.

We find no error in the judgment, and report the case for affirmance.

*Affirmed.*