CLARK & PLUMB v. GREGORY, COOLEY & CO.

No. 189.

1. Description.

In a mortgage was the description, "7th, Virginia Beatty survey, lying in what is known as the Ikard pasture, in Clay and Archer Counties." In said pasture were two surveys in name of Virginia Beatty. The mortgage was foreclosed, but the foreclosure suit was not filed until after the Beatty surveys had been sold in an attachment suit. The attachment was levied after the execution of the mortgage. In an action of trespass to try title by the purchasers under the attachment proceedings, and against purchaser under the mortgage, *Held*, that evidence to show that it was intended by the parties that both the Beatty surveys should be included, and that the defective description was from mutual mistake, was not competent ................................. 191

2. Imperfect Description—Parol Evidence.

Where the description in a conveyance fits equally either of two things and one is intended, parol evidence as to which one is intended removes the ambiguity and is therefore legitimate; but where it is proposed to show not that the intent was to convey one in particular, but that it was to convey both, the offer is to enlarge the operation of the instrument and make it convey two tracts, contrary to the expressed intention to convey one only. Parol evidence is not competent for such purpose ...................................................... 191

3. Liability of Partnership Property.

Attachment in suit against two defendants who also were partners, upon individual debt of the two defendants. Judgment foreclosing the attachment lien. Purchasers at such sale take title against subsequent attachment in suit by firm creditors, although sale for individual debts may have been enjoined by or in behalf of the firm creditors ......... 192

4. Reforming Instrument.

It would be allowed to join in one suit allegations to reform an instrument to supply a defect from mutual mistake, with foreclosure of the instrument as corrected. In such proceedings subsequent purchasers are necessary parties................................................. 193

ERROR to Court of Civil Appeals for Second District, in an appeal from Archer County.

*Bomar & Bomar*, for plaintiffs in error.—1. A partnership lien is only a lien between the partners and not in favor of the creditors, and is a creation of the law to protect one partner against the debts of the other; and one partner can not be hurt by the other partner paying a debt out of the assets of the firm, if he takes out an equal amount. Cox v. Miller, 54 Texas, 16; Ladd v. Griswold, 46 Am. Dec., 443; Hapgood v. Connell, 95 Am. Dec., 516; Rand. on Com. Paper, sec. 408; 2 Lindl. on Part., sec. 355.

2. Where two surveys by same original grantee are situated in same county, and owner makes a deed of trust, and the description is so am-

biguous that it can not be determined which one is conveyed, said trust deed can not be so changed by parol testimony as to show that both were intended to be conveyed; but the instrument may be so changed as to show which one is intended to be conveyed, provided the grantee in the deed of trust parted with some valuable consideration in consideration of the execution of said trust; but if the trust is executed to secure a prior existing debt it must stand or fall on the description as obtained in the trust deed, without any aid of equity or verbal testimony. McLouth v. Hurt, 51 Texas, 115; Bullock v. Smith, 72 Texas, 545; Lazarus v. Bank, 72 Texas, 354; Dev. on Deeds, secs. 1010, 1011.

*Hunter, Stewart & Dunklin*, for defendants in error.—1. The creditors of an insolvent copartnership have a prior right to the assets of such firm as against the creditors of the individual members composing it. Conwise v. McCee, 14 Texas, 20; De Caussey v. Baily & Pond, 57 Texas, 668.

2. Where the description in a deed conveying land leaves it uncertain which of two lots or tracts was intended to be conveyed, and said deed is duly recorded, it is sufficient to put upon inquiry all subsequent purchasers and attaching creditors, whose duty it is to follow up the source of information thus given, and ascertain the true intention of the parties to such instrument; and failing to exercise this caution they can not speculate upon the uncertainty in said description, and treat the instrument as a nullity. Kingston v. Pickins, 46 Texas, 99; Ragsdale v. Robinson, 48 Texas, 379; Coffey v. Hendricks, 66 Texas, 678; 84 Texas, 608.

*F. E. Dycus*, for Morgan, defendant in error.

GAINES, Associate Justice.—This was a statutory action of trespass to try title, brought by the plaintiffs in error against defendants in error and others, for the recovery of two tracts of land in Archer County, surveyed and patented by virtue of a certificate granted to Virginia Beatty. There was a judgment for defendants in error in the trial court, which was affirmed upon appeal by the Court of Civil Appeals.

All parties claim under E. F. and W. S. Ikard; the plaintiffs in error under a sheriff's sale, made by virtue of a judgment against the Ikards foreclosing an attachment lien; the defendants in error under a sale by virtue of a decree foreclosing both a mortgage upon the land and also an attachment levied upon it in the same proceeding. The mortgage of defendants in error was prior to the levy of the attachment under which plaintiffs in error claim, but the levy of their own attachment was subsequent thereto. If the sale under the decree foreclosing the mortgage passed the title to the land, the judgment in favor of defendants in error is correct; otherwise it ought to be reversed.

One difficulty in the case grows out of the description in the mortgage.

The property which the mortgage purports to convey consists of eight tracts of land, described as lying in Archer County. The description, so far as it relates to the property in controversy, is as follows: "7th. Virginia Beatty survey, lying in what is known as the Ikard pasture, in Clay and Archer Counties." It was shown by the evidence, that there were two surveys in Archer County, and in the Ikard pasture, in the name of Virginia Beatty, one of 1065 acres and the other of 218 acres.

The description in the mortgage is an accurate description, as far as it goes, of each of the two surveys; and if it had been the intention of the mortgagors to give a lien upon the one and not upon the other, it would have been a typical instance of a latent ambiguity, for the explanation of which parol evidence would have been admissible. But such was not the case. It was not the contention of defendants in error, that the mortgage referred to one of the surveys only, but that it was the intention of the parties to include both. The parol evidence introduced by them in explanation of the instrument tended to support this claim, and to show that while the mortgage was intended to cover both of the Virginia Beatty surveys, by reason of a mutual mistake one alone was mentioned.

The mortgage operated so as to give a lien upon one of the tracts, provided the intention had been to convey either one and not the other. But since it described only one Virginia Beatty survey, it could under no possible circumstances, without a reformation, be made to include both.

· When the description in a conveyance fits equally either of two things, and one is intended, parol evidence as to which of the two was intended removes the ambiguity, and is therefore legitimate. The deed in such a case is sufficiently descriptive to convey the thing, and the parol testimony is merely admissible in order to distinguish the thing conveyed.

But when there are two tracts of land, to either of which the same description applies, and a deed purports to convey one of them by such description, and it is proposed to show by parol testimony not that the intention was to convey one in particular, but that it was to convey both, the offer is not to remove an ambiguity and to identify a thing that has actually been conveyed, but it is to enlarge the operation of the instrument, and to make it convey two tracts of land, contrary to the expressed intention to convey one only. This is not evidence to explain a deed; it is simply evidence to add to its terms, and to make it convey more than it purports to convey. Parol evidence is not admissible for such a purpose, where the instrument comes collaterally in question.

The remedy is to bring an action to reform the conveyance, upon the ground of mutual mistake; and we see no good reason why under our practice a mortgage may not be reformed and foreclosed in the same suit; provided always, that in the meantime rights have not been acquired by third parties which would preclude such reformation.

From the statement of facts in the record, it does not appear whether or not in the suit to foreclose the mortgage there was any attempt to rectify the mistake in the instrument. It does appear, however, that there was a decree foreclosing the mortgage upon the land in controversy in this suit; presumably upon both the Virginia Beatty surveys. Since without pleading the mistake and proving it upon the trial, such a judgment could not have been properly rendered, it would seem, that in the state of the record before us, we ought to assume that this was done.

But the suit to foreclose the mortgage was not instituted until October, 1890, at which time the land had been sold under the judgment in the attachment suit of the Gainesville National Bank v. Curtis & Atkinson et al., under which the plaintiffs in error claim. That sale conveyed the legal title to the land, even admitting that the mortgage constituted a valid lien upon it. In order, therefore, to foreclose the mortgage, the holder of that title was a necessary party to the foreclosure suit. Whether the plaintiffs in error or their immediate vendors held the title at the time the proceedings to foreclose were instituted, the record does not show. But it is unimportant, since neither of them were made parties to that suit, and the decree is therefore a nullity as to them. Morrow v. Morgan, 48 Texas, 304.

It is urged, however, that the land in controversy was the partnership property of E. F. & W. S. Ikard, and that the debt upon which the Gainesville National Bank sued out the attachment was the individual debt of the two partners, and that for that reason the attachment of the defendant in error upon an admitted partnership debt, although junior in point of time, ought to prevail against it.

There was testimony tending strongly to show that there was an agreement between Curtis & Atkinson on the one part and E. F. & W. S. Ikard on the other, that the two firms would become sureties for each other, in order to enable each other to borrow money, and that in pursuance of this arrangement the note to the Gainesville National Bank was given by Curtis & Atkinson as principals, and with the names of E. F. Ikard and W. S. Ikard as sureties. If such were the facts, we are of the opinion that the note evidenced a partnership debt.

But if the debt of the Gainesville bank for which the land was attached and sold was not a partnership debt of the firm of E. F. & W. S. Ikard, we are not prepared to say that it would make any difference. The land belonged to the two Ikards, and the debt was the debt of both; and it seems to us the sale under the decree foreclosing the attachment passed the title of both. It may be that it could have been enjoined at the instance of the firm or of either of them, or of the firm creditors; or that after it was made, it may have been set aside in the interest of the creditors of the partnership. But we think it too late to raise the question in a collateral action of this character.

For the reasons stated, we think the court below erred in admitting evidence as to the intention of the parties to the mortgage, and in giving judgment for the defendants in error.

The right of defendants in error in this suit, if they have any, is to allege the mistake in the mortgage, and to ask its reformation and enforcement against the land. We see no reason why this may not be done, except that plaintiffs in error may be bona fide purchasers; a question upon which, in the state of the record, we decline to give an opinion.

The judgment must be reversed, and under the circumstances we deem it just to remand the cause for a new trial; and it is so ordered.

*Reversed and remanded.*

Delivered June 27, 1894.