## D. H. REGÁN v. D. W. HATCH.

Application No. 1818.—Decided April 14, 1898.

Conveyance—Description.

A grantor conveyed, "all that certain tract or lot of land * * * containing 1001 acres more or less, and being the remaining portion now owned by me of the tract of land originally granted to B. Rodriguez," He owned at the time two separate tracts, a mile apart, containing respectively 1001 and 165 acres, remaining out of 2500 acres of the Rodriguez survey once owned by him. Held, that the deed conveyed only the tract of 1001 acres. (P. 616.)

APPLICATION for writ of error to the Court of Civil Appeals for the First District, in an appeal from Victoria County.

*A. S. Thurmond*, for petitioner.

GAINES, CHIEF JUSTICE.—This suit involved the title to a tract of land consisting of 165 acres, part of the B. Rodriguez survey. Applicants for the writ of error claim the land under a certain deed which was made by D. W. Hatch, the defendant in the application. Before the conveyance in question, Hatch was the owner of 2500 acres of land, a portion of the Rodriguez survey. He had conveyed all except two tracts, one consisting of 1001 acres and the other being that in controversy. The two tracts were entirely separate, lying about a mile from each other. The description in the deed in controversy is as follows: "All that certain tract or lot of land lying and being situate in the county of Calhoun, and State of Texas, and containing 1001 acres of land more or less, and being the remaining portion now owned by me of the tract of land originally granted to B. Rodriguez situated in said county." The claim of the applicants is that both tracts were embraced by this description. We are of the opinion that this contention cannot be maintained. The deed purports to convey only one tract of land and it is described in part as containing 1001 acres more or less and very distinctly points out the larger tract. The language "being the remaining portion now owned by me of the tract of land originally granted to B. Rodriguez, etc." is, as we think, in view of the facts, simply a false description which does not affect the deed. Such being our view of the case, it is not necessary to pass upon the questions which are discussed in the opinion of the Court of Civil Appeals. The application is refused.

*Writ of error refused.*