DELTA LAND & TIMBER CO. v. SPILLER et al. (No. 494.)

(Court of Civil Appeals of Texas. Beaumont. Nov. 18, 1919. Rehearing Denied Dec. 3, 1919.)

1. EVIDENCE ☛460(2)—PAROL EVIDENCE TO IDENTIFY LAND CONVEYED BY AMBIGUOUS DEED.

Where plaintiff in trespass to try title to a 100-acre tract of land claimed under a deed granting 87½ acres in a certain survey, "being the remaining part and interest in 400 acres deeded to me," evidence of a prior parol sale of the tract in controversy to a third party after a division of the entire tract into parcels, one containing 87½ acres and another 100 acres, was admissible to identify the land conveyed under plaintiff's deed.

2. EVIDENCE ☛271(10) — DECLARATIONS BY GRANTOR SHOWING INTENT.

Where plaintiff in trespass to try title claimed under a deed with an ambiguous description, testimony that defendant continued to claim the land after the execution of the deed held not self-serving, but admissible to show defendant's intention.

3. EVIDENCE ☛271(10), 460(2) — SELF-SERVING DECLARATIONS TO EXPLAIN AMBIGUOUS DESCRIPTION.

Where plaintiff in trespass to try title claimed under a deed with an ambiguous description, testimony that defendant subsequent to the conveyance claimed the timber on the land in controversy and sold it to another held not inadmissible as self-serving declarations, where a person has parted with title, nor as contradicting the written instrument.

4. TRESPASS TO TRY TITLE ☛39(1)—ADMISSIBILITY OF EVIDENCE OF TERMS OF CONTRACT.

In trespass to try title, evidence as to the terms upon which plaintiff purchased the property from its immediate predecessor in title held immaterial and properly excluded.

5. DEEDS ☛118 — SUFFICIENCY OF EVIDENCE TO IDENTIFY LAND SOLD.

In trespass to try title, where plaintiff claimed under a deed conveying 87½ acres, evidence held to sustain findings that the deed did not convey a 100-acre tract previously sold to another.

Appeal from District Court, Montgomery County; J. L. Manry, Judge.

Trespass to try title by the Delta Land & Timber Company, substituted for the Delta Lumber Company, against W. F. Spiller and others. Judgment for defendants, and plaintiff appeals. Affirmed.

Nunn & Nunn, of Crockett, for appellant.

Dean & Humphrey, of Huntsville, and W. N. Foster and A. L. Kayser, both of Conroe, for appellees.

BROOKE, J. The Delta Lumber Company filed suit in the district court of Montgom-

ery county, Tex., on January 2, 1913, against W. F. Spiller and Thomas S. Foster, in form of trespass to try title, and for damages, for the recovery of the title and possession of 100.7 acres of the W. S. Taylor one-third league survey of land in Montgomery county, Tex., describing same by field notes. On July 12, 1915, the plaintiff, under leave of the court, filed its first amended original petition in lieu of its original petition filed in said court on January 2, 1913, and, in addition to the allegations in the original petition alleged that the Delta Land & Timber Company had succeeded to all the rights of the Delta Lumber Company, and asking permission to prosecute the suit in the name of the Delta Land & Timber Company, which was granted by the court; that since the institution of the suit the defendant W. F. Spiller had departed this life, testate, and his will has been duly probated in Montgomery county, Tex., and W. F. Griffin, Charles Spiller, W. F. Spiller, and E. A. Smith have been appointed and qualified as executors of his estate under said will, and Elizabeth Spiller, Bessie Spiller, Charles Spiller, Mary Garret and husband, E. A. Garret, Ollie Smith and husband, E. A. Smith, George Spiller, Browder Spiller, and the minors, Mable Spiller, Rice Spiller, Emma Tyree and husband, Emmett Tyree, and W. F. Spiller, are the representatives and sole beneficiaries under said will; that since the institution of the suit the defendant Thomas S. Foster departed this life, testate, and his will has been duly probated in the county of Jackson, state of Missouri, and a certified copy of said will and the probate thereof has been recorded among the deed records of Montgomery county, and by the terms of said will his widow, Florence Adare Foster, Ben B. Foster, Letitia Campbell and husband, Robert E. Campbell, are the representatives and sole beneficiaries under said will, and are made parties defendant.

The appellees Florence Adare Foster and Letitia Foster Campbell, joined by her husband, Robert E. Campbell, on January 13, 1919, under leave of the court, filed their first amended original answer, in lieu of the original answer theretofore filed by the defendant T. S. Foster, deceased, consisting of general denial, plea of not guilty, and special pleas setting up the purchase by T. S. Foster from W. F. Spiller on June 17, 1905, of the pine saw timber situated on the tract of land in controversy for the sum of $500 cash paid, and the said Spiller, in consideration thereof, made, executed, and delivered his warranty deed in writing, conveying said pine saw timber, and asking that in the event the plaintiff did recover the land, or any part thereof, the defendants Florence Adare Foster and Letitia Foster Campbell, joined by her husband, Robert E. Campbell, have and recover of the other defendants, the heirs and legal representatives of W. F. Spiller, deceased, on said warranty.

All of the other appellees answered by general demurrer and plea of not guilty.

The case was tried at the January term of the district court of Montgomery county, and on January 20, 1919, before the court without a jury, resulting in a judgment by the court against the appellant, in favor of the appellees. Appellant, Delta Land & Timber Company, in open court excepted to the action of the court in rendering judgment against the appellant in favor of the appellees, and gave notice of appeal to this court, and thereafter in all things perfected its appeal, and now brings the case before this court for review.

Appellant's first assignment of error complains that the court erred in permitting the witness G. W. Cheshire, over the objections of the plaintiff, to testify as to a parol transaction between W. F. Spiller during his lifetime and witness. Under its first assignment of error, appellant makes this proposition:

"All contracts for the sale of real estate or the lease thereof for a longer term than one year must be in writing."

The counter proposition to this is that the testimony of the witness Cheshire tended to show a valid parol sale of the 100 acres of land in controversy by W. F. Spiller to said witness long prior to the execution of the deed by Spiller to the Tonty Lumber Company, under which the appellant claims, and the testimony was therefore admissible.

The testimony of the witness Cheshire, as set out in appellant's bill of exceptions thereto, shows, among other things, that in 1896 W. F. Spiller caused the 400 acres of land claimed by him in the W. S. Taylor survey, Montgomery county, to be surveyed off and subdivided into four tracts, that on the west end thereof, being the land in controversy, and containing 100 acres approximately, and lying next to and adjoining the home place of the witness Cheshire; that the said Spiller and the witness Cheshire made an agreement of sale of the said land at the price of $4 per acre; and that, pursuant to such agreement, the said witness went upon said land and at an expense of $20 per acre cleared 4 or 5 acres of the land, and at considerable other expense inclosed the same with a substantial fence of rails and wire; and that he set out upon said land 350 peach trees; and that said witness continued to be and was in actual possession of said land, cultivating and using the same under his contract with Spiller at the time of the sale of the 87½ acres by the said W. F. Spiller to the Tonty Lumber Company, under whom appellant claims.

The deed from W. F. Spiller to the Tonty

Lumber Company under which the appellant claims the land in controversy, was executed December 20, 1899.

Appellees make the further proposition under this assignment that the deed from W. F. Spiller to Tonty Lumber Company under which appellant claims title to the land in controversy, contains latent ambiguities, and the land therein undertaken to be conveyed cannot be identified except by the aid of extraneous evidence; and that, where a deed contains latent ambiguities, parol evidence is admissible to show the intention of the parties; and that, where a deed contains latent ambiguities, parol evidence is admissible to identify the land conveyed therein.

It will be well, perhaps, to let this opinion show the deed from Spiller to the Tonty Lumber Company, as follows:

"The State of Texas, County of Montgomery.

"Know all men by these presents: That I, W. F. Spiller, of the county of Montgomery, state of Texas, for and in consideration of the sum of one hundred and seventy-five ($175.00) dollars, to me in hand paid by the Tonty Lumber Company, the receipt of which is hereby acknowledged, have granted, sold and conveyed, and by these presents do grant, sell and convey unto the said Tonty Lumber Company, of the county of Cook, state of Illinois, all that certain piece, parcel or tract of land lying and being situated in the county of Montgomery and state of Texas, containing eighty-seven (87½) and one-half acres, and being a part of and out of the Wm. S. Taylor survey, abstract No. 545, patented to Jas. McCown, assignee of Wm. S. Taylor, and being the remaining part and interest in 400 acres deeded to me by the heirs of R. J. Bass and Mrs. H. L. Butler.

"To have and to hold the above-described premises, together with all and singular the rights and appurtenances thereto in any wise belonging, unto the said Tonty Lumber Company, their heirs and assigns forever; and I do hereby bind myself, my heirs, executors and administrators to warrant and forever defend all and singular the said premises unto the said Tonty Lumber Company, their heirs and assigns, against every person whomsoever lawfully claiming or to claim the same or any part thereof.

"Witness my hand at Conroe, this 20 day of Dec., A. D. 1899.          W. F. Spiller."

The plaintiff undertook to identify the land conveyed in said deed by extraneous evidence, to wit, by the deed executed by W. F. Spiller to W. F. Uzzell, bearing date January 12, 1897, and which undertakes to convey by metes and bounds 152.5 acres out of the W. S. Taylor survey, Montgomery county; and by deed executed by W. F. Spiller to George M. Pool bearing date December 9, 1897, and which undertakes to convey a tract of land, quantity not given, but approximately 100 acres, out of said W. S. Taylor survey, and also by the testimony of J. M. Hall, a surveyor now in the employ of appellant. The said Hall, among other things, testified that

in 1896 he made a survey of the 400 acres of land in the Taylor survey claimed by W. F. Spiller and subdivided said land into four tracts, and that in 1911 after the acquisition of said land by the Delta Lumber Company, under whom appellant claims, he made a resurvey and plat thereof. He further testified:

"In the original survey that I made for Mr. Spiller in 1896, I had subdivided this tract of land, and I had located on the ground the several tracts, Nos. 1, 2, 3, 4, and 5, as I have just described them; that is, I ran these divisional lines through them. Yes, sir; I had run the divisional line on the east side of the tract No. 1, and had marked it on the ground. I had also run out the lines on the east side on my plat shown as tract No. 2 and marked out that land, and also the east line of No. 3 and No. 4. Those lines of the different tracts had all been marked out in 1896 when I made that survey for Mr. Spiller. As to whether I made a report of this survey that I made to Mr. Spiller, that is, the 1896 survey, well, I gave him the field notes to those separate blocks as well as I recall now. I think I gave him the field notes of each tract. I am not sure whether I furnished him a plat, but I think I did, but I am not sure. I have not at this time the field notes and copies of field notes that I furnished Mr. Spiller showing exactly what I found on the ground at that time. This is the record I made at the time of what I done on the ground, and that is all I have got. I gave Mr. Spiller the field notes which I prepared by having these corners, these distances and divisional lines. At the time I actually measured those several divisional lines and the date I furnished Mr. Spiller in the way of field notes was based upon the actual measurements as I made them there, and this particular map here constitutes the data showing the actual measurements made in 1911, and, if there are some slight differences in the acreage called for in the 1911 survey and the 1896 survey, it would be due to a slight difference in the measurements and a slight difference in the chaining. In the original survey I made I ran out those divisional lines for the first time and measured them, that is, the east line, and in the 1911 survey I did not run all of the lines. I measured this west one, the east one, the north one, and I measured the south one of this 100 acres in controversy here, and so the subdivisions as they show on the plat now are the same subdivisions that I ran off in 1896."

Said witness further testified that, according to his resurvey of tract No. 4, which is on the east side of the 400 acres claimed by Spiller, there showed to be 88.8 acres in said tract, but that in the first survey, that is to say, the survey made by him for Spiller in 1896, it measured 87½ acres, and that he so reported to Mr. Spiller showing this tract No. 4 to contain 87½ acres. Tract No. 5, the Ratto tract, is not here involved.

This witness further testified that the tract of land in controversy containing 100 acres was tract No. 1 in the subdivision made by him for Spiller, and that tracts 2 and 3

lay between the land in controversy and the 87½ acres tract known as tract No. 4, according to his survey and report made to Spiller in 1896. He also further testified that G. W. Cheshire took possession of the tract in controversy, being tract No. 1 of the survey made by him for Spiller, in 1896 or 1897; that Cheshire had a peach orchard on it and his home near by on a tract adjoining the said 100 acres.

[1] All of this testimony seems to have been in the record when appellees placed the witness G. W. Cheshire on the stand, and the testimony was adduced as undertaken to be set forth in appellant's bill of exceptions No. 1. We find no merit in this assignment, and the same is overruled. Clark v. Regan, 45 S. W. 169; Regan v. Hatch, 91 Tex. 616, 45 S. W. 386; Ayers v. Snowball, 181 S. W. 828; Cook v. Oliver, 83 Tex. 559, 19 S. W. 161; Gorham v. Settegast, 44 Tex. Civ. App. 254, 98 S. W. 665; Pierson v. Sanger Bros., 93 Tex. 160, 53 S. W. 1012; Clark v. Gregory, 87 Tex. 189, 27 S. W. 56.

It seems that the cases of Ayers v. Snowball, Clark v. Regan, and Regan v. Hatch, supra, are conclusive in support of the action of the court in admitting the testimony undertaken to be objected to in appellant's bill of exceptions under consideration, and the said authorities are also decisive of perhaps all issues involved in this appeal.

Our attention is directly called to the language of the description in the deed executed by W. F. Spiller to Tonty Lumber Company under which the appellant claims, which is as follows:

"All that certain piece, parcel or tract of land lying and being situated in the county of Montgomery and state of Texas, containing 87½ acres, and being a part of and out of the Wm. S. Taylor survey, abstract 545, patented to James McCown, assignee of Wm. S. Taylor, and being the remaining part and interest in 400 acres deeded to me W. F. Spiller by the heirs of R. J. Bass and Mrs. H. L. Butler."

The testimony of the witness Hall, appellant's employé, shows that there was at the time the deed was executed by Spiller to Tonty Lumber Company a tract of 87½ acres claimed by him under the deeds referred to in the description contained in the conveyance executed by him to Tonty Lumber Company, that the 400 acres claimed by Spiller had been subdivided into four tracts, and that the 87½-acre tract was tract No. 4, and on the east side of the 400 acres; and the record shows that subsequent to the subdivision of the 400 acres made by Hall for Spiller in 1896, and prior to the execution of the deed by Spiller to Tonty Lumber Company in December, 1899, Spiller had sold and conveyed off two tracts, one to Uzzell in December, 1896, and one to Pool in November, 1897, and the evidence of Hall also showed that he cut off for Spiller, when he surveyed

216 S.W.—27

the land for him in 1896, tract No. 1, containing 100 acres, which is the land in controversy, and that this lay adjoining the land of Cheshire and separated by tracts 2 and 3 from the 87½-acre tract, and that Cheshire took possession of tract No. 1 in 1896 or 1897.

Without further consideration, as above said, this assignment is overruled.

The second assignment of error complains that the court erred in permitting the witness, over the objections of the plaintiff, to testify on the stand as a witness to the transaction between W. F. Spiller and the Tonty Lumber Company as to what occurred at the time of the purchase of the land by the Tonty Lumber Company from W. F. Spiller, for the reason that such testimony varied and contradicted the term of the deed conveying said land, all of which more fully appears from plaintiff's bill of exceptions No. 2.

The first proposition under this second assignment of error is that parol evidence is not admissible to contradict or vary the terms of a valid written instrument.

Appellees present the following counter proposition to this assignment:

"The witness W. F. Griffin was the agent both for W. F. Spiller and Tonty Lumber Company in consummating the sale by Spiller to Tonty Lumber Company of the 87½ acres described and conveyed in the deed under which appellant claims, and was familiar with the land and knew what Spiller was selling and what the Tonty Lumber Company was buying and the price per acre the lumber company was paying; therefore, the testimony as set forth in defendant's bill of exception was properly admitted"

—and also that, where there is ambiguity in a deed, parol evidence is admissible to show the intention of the parties.

[2] We have closely read the statement of facts and find no error as pointed out, and the second assignment is therefore overruled. Roberts v. Short, 1 Tex. 373; Stamper v. Johnson, 3 Tex. 1; Armstrong v. Wilson, 109 S. W. 955; Kingsbury v. Carothers, 27 S. W. 15, affirmed 93 Tex. 712, 29 S. W. 21; Lynch v. Ortlieb, 70 Tex. 727, 8 S. W. 515; Montgomery v. Carlton, 56 Tex. 431.

It seems that the testimony of the witness W. F. Griffin that W. F. Spiller continued to claim the land in controversy herein and the timber thereon after the execution of the deed by Spiller to Tonty Lumber Company, under which the appellant claims, was properly admissible as reflecting light upon the intention of Spiller in the execution of the deed to Tonty Lumber Company, which contains at best from appellant's standpoint an ambiguous description, and said testimony was therefore not self-serving, but was admissible as tending to explain the description in the deed from Spiller to Tonty Lumber Company.

[3] The third assignment complains that the court erred in permitting the witness W. F. Griffin, over the objection of plaintiff, to testify on the stand that, subsequent to the making of the deed by W. F. Spiller to the Tonty Lumber Company, W. F. Spiller claimed the timber on the land and sold it to the Foster Lumber Company afterward, for the reason that the same was a self-serving declaration and was after the Tonty Lumber Company had acquired the land, all of which more fully appears from plaintiff's bill of exception No. 3.

The proposition is made under this assignment that parol declarations are not admissible to contradict or vary the terms of a valid written instrument, and that self-serving declarations are not admissible if person has parted with title to his land.

Without comment, this assignment is overruled.

Appellant's fourth assignment complains that the court erred in sustaining defendant's objection to the question propounded by plaintiff to the witness W. H. McGregor on cross-examination, which was as follows:

"The Delta Lumber Company took over the holding of the Tonty Lumber Company, and then the Delta Land & Timber Company succeeded to all of the rights of the Delta Lumber Company. Now, can you tell us on what basis the Delta people took over the holdings of the Tonty Lumber Company and at what price?"

The court would not permit the witness to answer such question, which would have been to the effect that the Delta Lumber Company purchased the holdings of the Tonty Lumber Company on the basis of $10 per acre, all of which more fully appears from plaintiff's bill of exception No. 4.

The proposition under this assignment is that all material and relevant evidence should be admitted and considered by the court upon the trial of the case.

On the contrary, it is contended that it was entirely immaterial upon what price basis the Delta Land & Timber Company took over the holdings of the Tonty Lumber Company, and therefore the court did not err in refusing to permit the witness W. H. McGregor to testify regarding the price basis upon which the Tonty Lumber Company's holdings were taken over by Delta Land & Timber Company as complained of in appellant's bill of exception No. 4.

[4] We have been unable to discover any error in this action of the court, and this assignment is overruled.

Appellant's fifth assignment of error complains that the court erred in its fourth finding of fact, as follows:

"I find that said W. F. Spiller sold and conveyed to the Tonty Lumber Company by deed bearing date December 20, 1899, 87½ acres out of the said W. S. Taylor survey, said deed conveying further description as follows: And being the remaining part and interest in 400 acres deeded to me (W. F. Spiller) by the heirs of R. J. Bass and Mrs. H. L. Butler," etc.

—because the court in reaching such finding considered a part only of the description contained in the deed, when the entire description should have been considered.

The proposition under this assignment is that, if there be no ambiguity in the description contained in the deed, then the trial court must not resort to extrinsic evidence, but construe the deed and give it effect from the language therein contained.

On the contrary, it is contended that there was ambiguity in the deed executed by W. F. Spiller to Tonty Lumber Company, and therefore extraneous evidence had to be resorted to by plaintiff in its effort to identify the land described in said deed, and, as a matter of course, the appellees had the same right to resort to extraneous evidence to show the land that was actually conveyed by said deed, and it was the duty of the court to consider such extraneous evidence in determining just what land the deed conveyed.

We fail to find any error in this action of the court, and this assignment is overruled.

Complaint is made, by the sixth assignment of error, that the court erred in its fifth finding of fact, as follows:

"I find that on December 20, 1899, at the time of the execution and delivery of the deed from W. F. Spiller to the Tonty Lumber Company, conveying the 87½ acres of land, G. W. Cheshire was in actual possession of the said 100-acre tract on the west side of the 400 acres and designated as tract No. 1, claiming and using the same under parol contract with said W. F. Spiller, whereby the said G. W. Cheshire was to acquire title to said 100 acres, and that the said Cheshire had cleared up and fenced a portion of said land and put it in a state of cultivation and planted a peach orchard thereon and was claiming, using, and enjoying said land under parol contract with the said W. F. Spiller"

—because such finding is based on irrelevant and incompetent testimony, and should not have been considered by the court, all of which more fully appears from plaintiff's bill of exception No. 1.

The proposition under this assignment is that, where parties have embodied the terms of their agreement in writing, neither can, in an action between themselves, except in certain cases, give oral testimony that they did not mean that which the instrument, when properly read, expresses or legally implies, or that they meant something inconsistent therewith.

The counter proposition under this assignment asserts that the trial court's fifth finding of fact, assailed in this assignment of

error, was not based on irrelevant and incompetent testimony; but, inasmuch as the deed from Spiller to Tonty Lumber Company in its descriptive part was ambiguous, the trial court properly received evidence to identify the land therein conveyed, and the evidence so received not only sustained but compelled the fifth finding of fact.

Finding no merit in this assignment, it is overruled.

The seventh assignment of error complains that the court erred in its sixth finding of fact, as follows:

"I find that the Tonty Lumber Company paid the said W. F. Spiller the sum of $175 for the 87½ acres called for in the deed of December 20, 1899, and that it was the intention of the parties that tract No. 4, containing 87½ acres according to the survey and plat of the witness Hall, above mentioned, and no more, should be conveyed by said deed of December 20, 1899. I further find that said sale was made for the consideration of $2 per acre for said 87½ acres of land"

—because such findings are based on incompetent and irrelevant evidence which should not have been considered by the court.

Without going into the matter further, enough has been said already to indicate that there was no error in the court's action in this matter, and this assignment is overruled.

The eighth assignment of error is as follows:

"The court erred in its seventh finding of fact, as follows: 'I further find that said W. F. Spiller, in consideration of the sum of $500 paid, conveyed to the Foster Lumber Company by an instrument bearing date June 17, 1905, all of the pine saw timber standing and growing on the said 100 acres of land involved in this suit, and conveyed to the grantee in said instrument sufficient right of way for cutting and removing said timber, and granted to said grantee and its assigns 15 years' time from and after the execution and delivery of said deed in which to cut and remove said timber, and such further time, not to exceed three years, that the grantee might desire upon the payment of ten cents per year, per acre; and I find that, since the date of the said timber conveyance, said 100 acres of land has been continuously claimed by said Spiller and his heirs and legal representatives subject to said Cheshire's right under said parol contract, and that the pine saw timber thereon has been continuously claimed by the Foster Lumber Company and its successors and assigns, said title of said Foster Lumber Company, in and to said pine timber, being owned and held by the defendants Mrs. Florence Adare Foster and Mrs. Letitia Foster Campbell at the time of the trial of this cause.' Because such finding is based on incompetent and irrelevant evidence, and such transaction was subsequent to the purchase by the Tonty Lumber Company of the land in controversy from W. F. Spiller."

Without going into the matter further, it is sufficient to say that in our opinion no error has been committed in this matter, and the said assignment is overruled.

In the ninth assignment of error complaint is made that the court erred in its eighth finding of fact, as follows:

"I find further that the Tonty Lumber Company and its assigns, Delta Lumber Company and the Delta Land & Timber Company, have claimed tract No. 4, containing 87½ acres according to the plat and survey of the witness Hall, made in 1896, continuously since the deed from W. F. Spiller of December 20, 1899"

—because such finding is unsupported and not warranted by the evidence.

We find the evidence amply sufficient to warrant this finding of the court, and the assignment is overruled.

[5] The tenth assignment complains of the following conclusion of law made by the trial court:

"I conclude as a matter of law from the foregoing findings of fact that no part of the land in controversy in this suit passes by the deed of conveyance from W. F. Spiller to the Tonty Lumber Company, and judgment will be rendered accordingly in favor of defendants"

—because by a proper construction the deed of W. F. Spiller to the Tonty Lumber Company conveys the land in controversy and precludes as a matter of law the conclusion reached by the court.

Without undertaking to go over the entire matter, it is sufficient to say that in our judgment there was no error in this action of the court, and this assignment is overruled.

The eleventh assignment of error complains that the court erred in not rendering judgment for plaintiff for the land in controversy and in rendering judgment for defendants.

We have given this matter our careful attention, and we believe that the judgment of the trial court is correct, as evidenced by this record, and therefore the judgment is in all things affirmed.