### LUDTKE v. MACKEY et al. (No. 8298.)*

(Court of Civil Appeals of Texas. Galveston. March 24, 1923. Rehearing Denied April 26, 1923.)

1. **Trespass to try title ⬥40(4)—Deed not conveying land in controversy not admissible as evidence of title.**

A deed which does not convey the land in controversy is not admissible as evidence of title in a suit involving title to the land.

2. **Trespass to try title ⬥41(3)—When identity of land in controversy with that described in plaintiff's deeds established stated.**

When suit is brought to recover a particular tract of land, if the deeds in plaintiff's chain of title introduced in evidence describe the land thereby conveyed as he describes it in his petition, they show that he has title, and,

if defendant's answer does not deny that he is in possession, and is claiming the land described in the petition, the identity of the land in controversy with that described in the deed is established.

3. **Trespass to try title ⬥41(3)—Identity of land described in deed may be shown by circumstantial evidence.**

In trespass to try title, the identity of the land claimed by plaintiffs as part of the land described in their deeds may, like any other fact, be shown by circumstantial evidence.

4. **Trespass to try title ⬥41(3)—Finding that land in controversy was part of land described in plaintiffs' deed sustained.**

In trespass to try title, evidence held to establish that land claimed by plaintiffs was part of the land described in a deed constituting a portion of their chain of title.

5. **Lost instruments ⬥23(3)—Evidence held sufficient to establish execution of lost deed.**

In trespass to try title, evidence held sufficient to establish the execution of a lost deed.

Appeal from District Court, Harris County; J. D. Harvey, Judge.

Trespass to try title by Alice Mackey and others against W. F. Ludtke. Judgment for plaintiffs, and defendant appeals. Affirmed.

P. Harvey and Stevens & Stevens, all of Houston, for appellant.

Atkinson & Atkinson, of Houston, for appellees.

PLEASANTS, C. J. This is an action of trespass to try title brought by appellees against the appellant, to recover title and possession of a lot or parcel of land known and described as lot or block 6, in the Royal addition to the city of Houston. The defendant answered by general demurrer, general denial, and pleas of limitation of 3, 5, and 10 years. Upon the trial in the court below, after all the evidence was in, the court withdrew the case from the jury, and rendered a judgment in favor of plaintiffs.

This appeal is predicated upon the following propositions presented in appellant's brief:

"*First Proposition under the Second and Fourth Assignments.*—The burden rests on the party claiming through a deed offered in evidence, to identify the land described in the deed as the land sued for, or that it includes the land sued for; and, if, from an inspection of the deed, it cannot be determined definitely what land is embraced in the description, parol evidence is admissible to show that it includes the land involved in the suit; but if no extrinsic evidence is offered to identify the land, and to prove that the land sued for is included in the description contained in the deed, the deed should not be admitted in evidence, over objection.

"*Second Proposition under the Second and Fourth Assignments.*—The deed from T. T.

Hailey to T. J. Hailey describes a tract of land out of the Harris & Wilson two-league grant; but it will require some other evidence, besides the deed itself, to establish what tract of land it conveyed. Hence, as appellees, plaintiffs below, insist that it conveys the land in this suit, the deed itself not showing that fact, the burden was then on them to introduce evidence to identify the land described in said deed and to connect themselves in title with the land described in that deed. No such evidence being introduced, the deed should have been excluded, on appellant's objection, and stricken from the record on his motion.

"Third Proposition.—The appellees having failed to connect themselves in title by any valid description with the land shown to be held by the common source of title, they were not entitled to recover, for the reason that the appellees' chain of title fails to show any deed identifying the land in controversy, and fails to show that the purported plat of the Royal addition is a part of the land embraced in the common source of title.

"Fourth Proposition.—The appellees are not entitled to recover against the appellant, for the reason that they must recover upon the strength of their own title, and, having failed to show that they had title to the Royal addition under the common source of title, by any evidence whatever identifying the said purported Royal addition as a part of the common source of title, hence this cause should be reversed and rendered for the appellant."

These propositions, each of which is sound as an abstract proposition of law, present but one question for our determination, and that is whether the evidence was sufficient to authorize the admission in evidence of the deed from T. T. Hailey to T. J. Hailey over defendant's objection that it did not convey the land in controversy.

The record disclosed that on June 15, 1854, D. W. C. Harris, who was then the owner of lot 8 in the subdivision of the Harris and Wilson two-league grant on Buffalo bayou, in Harris county, made by D. Gregg, and containing 297½ acres of land, conveyed said tract to T. T. Hailey. On September 14, 1857, T. T. Hailey conveyed to T. J. Hailey a tract of land described as follows:

"A certain piece or parcel of land situated on the N. side of Buffalo bayou, being a part of a league of land donated to William P. Harris and Robert Wilson for building a steam mill at Harrisburg, commencing at the beg. cor. about 2 miles from the courthouse of Harris, called the city of Houston, and beginning on a pine tree mkd. thus, H, 22 in. dia.; thence W. 443½ vs. to another pine 20 in. in dia. mkd. thus, HX; thence N. 2628½ vs. to a pin oak 15 in. in dia. mkd. thus, HX; thence E. 443½ vs. to a pine tree 24 in. in dia. mkd. thus, HXX; thence S. 2628½ vs. to the place of beginning; the said boundaries contain 230 acres, more or less, Spanish measure."

On July 15, 1862, Thomas J. Hailey conveyed to Joseph Royal "twenty-five acres of land, situated north of Buffalo bayou, being the south end of lot eight of the two-league grant to Harris and Wilson." In addition to describing this land as the south end of lot 8 it is also described by metes and bounds.

There is nothing in the field notes in this deed which identifies the 25 acres thereby conveyed as a part of the land described in the deed from T. T. to T. J. Hailey. Joseph Royal subdivided this 25 acres into lots and blocks, designating said subdivision as the Royal addition to the city of Houston. The plat of this addition, which was made by D. Gregg, the surveyor who made the original subdivision of the Harris and Wilson grant, was recorded in the deed records of Harris county on the 28th day of August, 1862. Lot 6 in this addition, which is the land in controversy, was conveyed by Joseph Royal to E. G. Carroll on August 27, 1862, and appellees hold the title acquired by Carroll.

The only land shown to have been owned by T. T. Hailey on the Harris and Wilson grant was lot 8 in the subdivision of said grant which was conveyed to him by D. W. C. Harris, as before shown. No claim to any part of lot 8 is shown to have been asserted by T. T. Hailey after he conveyed the 230 acres to T. J. Hailey, and no claim was asserted by any of his heirs until a quitclaim deed was executed by his son in December, 1912, conveying lot 8 to appellant for a nominal consideration.

[1, 2] It goes without saying that a deed which does not convey the land in controversy is not admissible as evidence of title in a suit involving the title to the land. It is also true that the absolute final identity of any particular tract of land as the land described in a particular deed can only be shown by evidence extrinsic of the deed. In other words, the application of the description given in a deed to a particular tract of land, so as to identify such tract as the land described in the deed, must always be shown by extrinsic parol evidence. When a plaintiff brings a suit to recover a particular tract of land, if the deeds in his chain of title introduced in evidence describe the land thereby conveyed as he describes it in his petition, they show that he has title to the land claimed by him, and, if the defendant's answer does not deny that he is in possession, and is claiming the land described in the petition, the identity of the land in controversy with that described in the deeds is established. When, however, the description in a deed offered in evidence by a plaintiff fails to show that the land described in the petition is conveyed by the deed, such deed is not evidence of title unless extrinsic evidence is introduced which is sufficient to show that the description in the deed does include the land described in the petition. Kingston v. Pickins, 46 Tex. 101; Cook v. Oliver, 83 Tex. 559, 19 S. W. 161; Frost v. Erath Cattle Co., 81 Tex. 505, 17 S. W. 52, 26 Am. St. Rep. 831.

The description in the deed from T. T. to T. J. Hailey above set out does not on its face describe the land in controversy in this suit, and, unless the extrinsic evidence in the case identifies the land in controversy as a part of the tract described in this deed, the deed was not admissible to show title in plaintiffs, and they were not entitled to recover. The description in this deed is not so indefinite as to render the deed void. This court, in the case of Ludtke v. Murray (Tex. Civ. App.) 199 S. W. 321, in passing upon the validity of this deed, said:

"This description is certainly not so indefinite or uncertain as to render the deed void. There is no ambiguity upon the face of the instrument, and it does not appear from the statement following the proposition, or from the record, that any ambiguity or uncertainty arose when the description was applied to the ground. There is nothing in the record to show that the land intended to be conveyed by the deed was not accurately described therein, nor that the land involved in this suit was not a part of the land described in said deed. The assignment cannot be sustained. Wilson v. Smith, 50 Texas, 365: Mansel v. Castles, 93 Texas, 414, 55 S. W. 559."

There is nothing in the record in this case tending to show that any ambiguity or uncertainty is developed when the description in this deed is applied to the ground. The objection to the deed is based upon the contention that, because it does not appear from the description itself that the land in controversy is included therein, it developed upon plaintiffs to show by extrinsic evidence that the description does include the land claimed by them, and, there being no evidence of this fact, the deed was inadmissible, and should have been excluded.

[3, 4] We cannot agree with appellant that the evidence is insufficient to sustain the finding of the trial court that the description in this deed does embrace the land in controversy. It is true that there is no direct evidence that the land in controversy is included in the description contained in this deed. No witness testified that this description, when applied to the ground, embraced the land in controversy. But the identity of the land claimed by plaintiffs as a part of the land described in this deed can, like any other fact, be shown by circumstantial evidence. We think it is a reasonable inference, from all of the circumstances shown by the evidence before set out, that the land described in the deed from T. T. Hailey to T. J. Hailey was the identical tract of land conveyed to T. T. Hailey by D. W. C. Harris. The only land shown to have been owned by T. T. Hailey on the Harris and Wilson grant was lot 8 in the Gregg subdivision of said grant, conveyed to him by Harris on June 15, 1854. While the deed from T. T. Hailey to T. J. Hailey executed in 1857 does not refer to the Harris deed, nor describe the property conveyed as lot 8 in the Gregg subdivision, there is nothing in the description in this deed inconsistent or in conflict with the description in the Harris deed, except that the acreage is given as 230 acres, more or less, when the acreage of lot 8 is given in the Harris deed as 297½ acres. We cannot regard this discrepancy as controlling or material.

[5] In 1862, 5 years after he received this deed from his father, T. J. Hailey conveyed a tract of 25 acres out of the south end of lot 8, described by metes and bounds, to Joseph Royal. Within less than a month thereafter Royal subdivided this 25 acres into lots and blocks, designating such subdivisions as the Royal addition to the city of Houston, and had a map of the addition recorded in the deed records of Harris county. Many sales and resales of lots in this addition have been made, and the title of Royal and his vendees remained unchallenged by T. T. Hailey or any one claiming under him for more than 50 years. T. T. Hailey lived in Harris county, near this property, and must have known that Joseph Royal had located an addition to the city of Houston on the south end of lot No. 8, which he (Hailey) had acquired by his deed from Harris, and that various persons had purchased lots in the addition, and were asserting ownership thereof. It is certainly not unreasonable to infer that, if lot 8 had not been theretofore conveyed by him, he would not have acquiesced in the assertion of title by Royal and his vendees, and their acts of ownership of the south end of said lot. So far as this record shows, the only living heir of T. T. Hailey is a son, W. J. Hailey, who resides in Robertson county. The only claim to this property made by any heir of T. T. Hailey was the execution by W. J. Hailey on December 5, 1912, of a quitclaim deed to appellant. If no deed from T. T. Hailey had been shown, we think this evidence was amply sufficient to establish the execution of a lost deed, and, when a valid deed is produced which may have included this land, and there is no evidence showing or tending to show that it conveyed other and different land, we can see no reason for ignoring or minimizing the probative force of the circumstances tending to sustain the judgment of the trial court that the deed does convey the land in controversy. Blunt v. Houston Oil Co. (Tex. Civ. App.) 146 S. W. 249; Morris v. Moore (Tex. Civ. App.) 216 S. W. 891; Magee v. Paul, 110 Tex. 470, 221 S. W. 254.

We are of opinion that the judgment should be affirmed; and it has been so ordered.

Affirmed.