**LUDTKE v. MACKEY et al.    (No. 530–4004.)**

(Commission of Appeals of Texas, Section A. May 7, 1924.)

1. **Evidence ⬦460(5)—Parol evidence admissible to remove ambiguity in deed arising from extraneous facts.**

Where uncertainty as to what property is intended to be covered by a deed arises from extraneous facts, parol evidence is admissible to remove the ambiguity.

2. **Trespass to try title ⬦40(4)—Admission of deed not showing on its face that it covered lot in controversy held not erroneous.**

In trespass to try title to lot where extrinsic evidence was required to determine whether deed under which plaintiff claimed included lot and some circumstance justified conclusion that deed conveyed part or all of lot, it was not error to admit deed.

3. **Trespass to try title ⬦44—Whether plaintiff's deed included lot in controversy held for jury.**

In trespass to try title to a lot, where extrinsic circumstances showing that deed relied on by plaintiff included the lot were not conclusive, it was reversible error not to submit issue to the jury.

Appeal from Court of Civil Appeals of First Supreme Judicial District.

Suit by Alice Mackey and another against W. F. Ludtke. Judgment for plaintiffs was affirmed by the Civil Court of Appeals (251 S. W. 606), and defendant brings error. Reversed and remanded.

P. Harvey and Stevens & Stevens, all of Houston, for plaintiff in error.

Atkinson & Atkinson, of Houston, for defendants in error.

GERMAN, P. J. Alice Mackey and Ella Sullivan brought this suit in trespass to try title to recover of W. F. Ludtke block No. 6 of the Royal addition to the city of Houston. We will refer to the parties as in the district court. The trial court took the case from the jury and rendered judgment in favor of plaintiffs, on the ground that there was no issue of fact to be submitted to the jury, and this judgment was affirmed by the Court of Civil Appeals. 251 S. W. 606.

T. T. Hailey is common source of title. On June 15, 1854, he acquired a tract of land in Harris county, including the land in controversy, and thus described:

"297½ acres of land out of the Harris & Wilson 2-league survey on Buffalo bayou, it being lot No. 8 of the subdivision of said land made by D. Gregg."    

Plaintiffs claim under a deed made by T. T. Hailey to T. J. Hailey September 14, 1857, which contains the following description:

"A certain piece or parcel of land situate on the N. side of Buffalo bayou, being a part of a league of land donated to William P. Harris and Robert Wilson for building a steam mill at Harrisburg. Commencing at beg. cor. about 2 miles from the court house of Harris, called the city of Houston, and beginning on a pine tree mkd. thus, H, 22 in dia. Thence W. 443½ vrs. to another pine 20 in. in dia. mkd. thus, HX. Thence N. 2,628½ vs. to a pin oak 15 in. dia. mkd. thus, HX. Thence E. 443½ vs. to a pine tree 24 in dia. mkd. thus, HXX. Thence S. 2,628½ vs. to the place of beginning. The said boundaries contain 230 acres more or less."

By deed dated July 15, 1862, T. J. Hailey conveyed to Joseph Royal 25 acres off the south end of lot No. 8 of the Harris and Wilson subdivisions. This tract was platted into 12 blocks by Royal, being known as the Royal addition to the city of Houston, and by regular chain of title block No. 6 has passed to the plaintiffs. Defendant Ludtke claims title to the 297½ acres under a quitclaim deed by W. J. Hailey, only heir of T. T. Hailey, dated December 5, 1912.

[1-3] The only question in this case is this: Does the tract of land described in the deed by T. T. Hailey to T. J. Hailey include the land sued for?

Defendant objected to the admission of the deed, and after the evidence was closed moved to strike out the deed, on the ground that as the deed within itself did not establish the fact that it conveyed the block of land sued for, and there was no evidence

aliunde the deed to identify the land and show that it included the land in controversy, the deed should be stricken from the record.

That the deed on its face does not contain sufficient evidence to connect it with lot No. 8 of the Harris and Wilson subdivisions is, we think, plain. It is in no sense void, as has been held in the case of Ludtke v. Murray (Tex. Civ. App.) 199 S. W. 321, but it certainly requires extrinsic evidence to determine whether or not it is a part of lot No. 8 and includes the 25 acres that was conveyed to Royal and which became the Royal addition. There are some circumstances in evidence to justify the trial court in concluding that this deed conveyed a part or all of lot No. 8, and for this reason it was not error to admit the deed in evidence and to refuse to strike it out. However, the circumstances were manifestly not sufficient to authorize the court to hold as a matter of law that the land conveyed included the land in controversy. That was ultimately a fact to be decided by the jury, if defendant desired to have it submitted. The judgment recites that at the conclusion of the testimony it appeared to the court that there was no issue to submit to the jury, and the cause was withdrawn from the jury. Defendant was thus deprived of the right to have the issue of whether or not the deed mentioned included the land in controversy submitted to the jury. Kingston v. Pickins, 46 Tex. 99; Brown v. Chambers, 63 Tex. 131; Young v. Charis (Tex. Civ. App.) 170 S. W. 797; Noland v. Weems (Tex. Civ. App.) 141 S. W. 1035.

We think the correct rule to apply here is that announced by the Supreme Court in Kingston v. Pickins, supra:

"The construction of a deed, being a matter of law, is for the court. If, therefore, the land intended to be conveyed by it, be so inaccurately described that it appears, on an inspection of the deed, the identity of the land is altogether uncertain and cannot be determined, the court should pronounce it void; but when the uncertainty does not appear upon the face of the deed, but arises from extraneous facts, as in other cases of latent ambiguity, parol evidence is admissible to explain or remove it. In such case the deed should not be excluded from the jury, but should go to them along with the parol evidence, to explain or remove such ambiguity; and the identity of the land is then a mixed question of law and fact, to be determined by the jury under the instructions of the court."

We regret that it is necessary to set aside the judgment of the trial court in this case. The title under which plaintiffs hold appears to have been unquestioned for a great many years. The only claim of defendant, as disclosed by the evidence in the case, is under a quitclaim deed which recites a consideration of $1. But it seems to us that the plaintiffs could, without difficulty, have made the proof necessary to show that the deed in question included the land in controversy, and we cannot afford to depart from the well-established rules of law, although there are strong equitable reasons to indicate that the judgment is apparently a correct one.

We recommend that the judgment of the Court of Civil Appeals and of the district court be reversed and the cause remanded.

CURETON, C. J. The judgment recommended in the report of the Commission of Appeals is adopted and will be entered as the judgment of the Supreme Court.

We approve the holding of the Commission of Appeals on the question discussed in its opinion.