JAMES P. GALBREATH AND OTHERS v. WM. M. ATKINSON.

In an action in the District Court, for a wager on a horse race, a party may join the adverse better and the stakeholder or stakeholders, as defendants; and it seems that he may join several persons, with whom he has independent wagers, in the hands of the same stakeholders as defendants in the same suit, provided that no party be joined against whom the demand is less than one hundred dollars.

Where the law applicable to the facts proved, has been properly given in charge by the Court, it is not error to refuse to give charges which are substantially a repetition of the charge already given.

Where the plaintiff sued for the recovery of wagers on a horse race, and alleged that certain money, and certain property, valued at certain prices, were bet, making the stakeholders defendants, and the adverse better admitted the wager as alleged, and claimed that he had won the race, and the stakeholders answered that they acted merely as such, and prayed the direction of the Court, and the jury found "for the plaintiff the amount of money and property in the hands of E. D. Crenshaw and E. Johnson," (the stakeholders,) it was held that the verdict was sufficiently certain, taken in connection with the pleadings, to authorize a judgment for the money, and, in the alternative, for the property or its value as alleged in the petition.

Appeal from Caldwell. The Court below, in rendering judgment, took the amount of money, and the description and value of the property, from the petition; and in respect to the specific property, the judgment was in the ordinary alternative form, for the property or its value.

*Hamilton, Chandler & Anderson*, for appellants. I. There being no privity of interest between the parties defendant, Galbreath and Perry, the special exceptions should have been sustained. (Daniel, Ch. Pl., Vol. 1, p. 342; Story's Eq. Pl. Sec. 232; Id. Sec. 237; Id. Sec. 571; 7 Tex. R. 173; 9 Id. 487; 11 Johns., side page, 101; 10 Pickering, side page, 282.)

II. That the Court erred in overruling the plea of the defendant Perry to the jurisdiction of the Court, is too clear, to admit of argument.

III. (The third point went to show that the charges refused were good law, and applicable to the case.—REPS.)

IV. The verdict does not show what money or property the stakeholders had in their possession; consequently, the Court could not properly render a judgment upon it.

If they had said "We, the jury, find for the plaintiff, the "amount of property and money in the hands of defendants "Crenshaw and Johnson, as set out in the plaintiff's petition," it would have been sufficiently certain to enable the Court to ascertain what they intended to find and render judgment acaccordingly; but from the most liberal construction that can be placed upon the verdict, it is impossible to render judgment properly upon it. (4 Tex. R. 38, and authorities there cited.)

V. The verdict was bad, because the suit was for personal property, and it was the duty of the jury to find the separate value of each horse and mule. (4 Tex. R. 184.)

VI. The Court erred in rendering judgment against defendant Galbreath for $25, for the jury found no verdict against Galbreath.


HEMPHILL, CH. J. The plaintiff, Wm. M. Atkinson, having made an agreement with one Wm. D. McCorley, to run a horse race, made several by-bets in money, horses, &c., with James P. Galbreath, one of the defendants, on the event of the race, and a similar bet of forty dollars with Asa Perry, another of the defendants.

The greater portion of these bets was deposited with Charles Crenshaw, one of them being placed in the hands of Lewis Johnson, both of whom were made defendants. The plaintiff averred that the horse on which he bet won the race, and he claimed judgment against the stakeholders, and against the other defendants, in the event that the property and money bet had been delivered to them.

The defendants Galbreath and Perry demurred generally, and specially for a misjoinder of parties; and the defendant

Galbreath v. Atkinson.

Perry further pleaded to the jurisdiction of the Court, the amount of his bet being less than one hundred dollars. These defendants further pleaded, and admitted in their answers, substantially, that the bets were made and deposited, as alleged by the plaintiff, but insisted that the horse on which they had wagered, had won the race. The defendants Crenshaw and Johnson disclaim any interest in the suit; that they acted merely as stake-holders, and pray for direction of the Court, as to which party they shall pay the money or property that may be found in their hands.

The demurrers, general and special, and the plea to the jurisdiction, were overruled, and judgment was given against the defendants Crenshaw and Johnson for the amount of the money and property in their hands; against Gabreath for twenty dollars, not deposited with the stake-holders, and against Gabreath and Perry for costs of suit. A motion for a new trial being overruled, the defendants appealed.

The first, second and third assignments of error may be considered together. They object to the ruling of the Court on the demurrers and on the plea of the defendant Perry, to the jurisdiction of the Court.

We are of opinion that the Court did not err in overruling the exception of misjoinder, for the alleged want of privity between the defendants, but that there was error in overruling the plea to the jurisdiction. The amount of Perry's bet was but forty dollars, a sum within the exclusive jurisdiction of a Justice of the Peace; consequently the plea should have been sustained, and the suit, as to Perry, dismissed.

The main question in the cause was, whether the race was fair and in accordance with the rules of racing. Several witnesses were examined, and the Court was requested to give charges in relation to this point; and the refusal to give such charges is assigned for error.

But this objection cannot be sustained. In the general charge, the Court instructed the jury to determine from the evidence,

whether there was any departure from the rules of racing, of such a character as to prejudice the defendants chances for a fair race ; that is, whether the race was intrinsically a fair one for the defendants.

This was amply sufficient, on the point of fairness. The jury had the facts before them, as well upon the race as upon the rules of racing, and the instruction that they must determine from these, upon the intrinsic fairness of the race, was sufficient, without repeating charges which were substantially to the same effect, or if they went further and required the jury to determine upon other tests than the intrinsic fairness of the race, were calculated to mislead, and should have been refused.

This disposes of several of the assignments, and we proceed to consider the alleged error, in entering judgment upon the verdict, returned by the jury.

This verdict is expressed in the following terms, " We, the "jury, find for the plaintiff the amount of money and property "in the hands of E. D. Crenshaw and E. Johnson."

The objection to the verdict is for the want of certainty, in not stating the precise amount of money or property in the hands of Crenshaw and Johnson. But, although more precision might have been given to the verdict, yet it has sufficient certainty to enable the Court to ascertain the meaning of the jury and determine what they intended to find. The plaintiff had averred that so much money and property was deposited in the hands of the stake-holders, This was admitted by the defendants Galbreath and Perry, or by Galbreath alone, if Perry be considered as dismissed from the suit. The fact was not denied by Crenshaw and Johnson in their answers, and the reasonable and fair inference is, that the finding of the jury had reference to the amount of money and property which was averred in the petition and admitted in the answers. The verdict being thus rendered certain by reference to the record was

sufficient to support a judgment, and the Court did not err in entering up such judgment.

But there was error in rendering judgment against Gabreath, for the amount of twenty dollars, as the jury did not embrace the bet for twenty dollars in their verdict, but only such bets as were deposited with the stake-holders. The judgment will be re-formed, and such judgment entered here as should have been pronounced below.

Judgment re-formed.