RUBE RUSHING ET AL. v. HOWARD S. LANIER ET AL.

Decided June 10, 1908.

**1.—Verdict—Construction.**

A verdict is sufficiently certain which finds the issue and which may be rendered certain by reference to the record. In a suit of trespass to try title the plaintiffs claimed only a part of a larger survey. Some of the defendants claimed the entire survey and others claimed portions thereof in severalty. The jury returned the following verdict: "We, the jury, find from all the evidence in the case a verdict for the plaintiffs and against all of the defendants in the case. We also find a verdict in favor of the Central Trust Co. against all of the defendants in the case." Held, sufficient to support a judgment in favor of the plaintiffs for the land claimed by them, and in favor of the Trust Co. for the land claimed by it, in their respective pleadings.

**2.—Charge—Assuming Fact.**

When there is no conflict in the evidence as to a certain fact the court may assume such fact as proved. Where the evidence was uncontradicted that purchasers of land at sheriff's sale were purchasers in good faith for value and without notice, the court may instruct the jury to find for such purchasers as against parties claiming the land under an unrecorded deed.

**3.—Charge—Misnomer—Harmless Error.**

Referring in the charge to one of the defendants as "Williamson" instead of "Williams" was harmless when in the light of the pleading and evidence a jury of ordinary intelligence could not have been misled thereby.

**4.—Requested Charge—Suggestion of Omission.**

When an issue is raised by the evidence and the court fails to submit it, the failure of the court to submit such issue is reversible error when the omission is brought to the attention of the court by a requested charge upon the same, though the charge itself was erroneous and properly refused.

**5.—Sheriff's Sale and Deed—Circumstantial Evidence.**

It appearing that the records of a county had been destroyed by fire, and a proper predicate having been laid, circumstantial evidence as to a sheriff's sale and deed considered, and held admissible.

Appeal from the District Court of Liberty County. Tried below before Hon. L. B. Hightower.

*Baldwin & Christian* and *C. N. Smith,* for appellants.—In trials by jury it is the duty of the trial court to submit to the jury the issues involved between all the parties to the suit, and the verdict of the jury should dispose of all the parties and issues, and it is error for the trial court to attempt to render judgment upon a verdict which does not dispose of all the parties and issues involved. Sayles' Statutes, arts. 1333-1335; Galveston, H. & S. A. Ry. Co. v. Botts, 55 S. W., 514; Eppstein v. Thomas, 16 Texas Civ. App., 619.

Inasmuch as the appellants, Gus Lewy and Jacob Sonnentheil, in the fall of 1895, placed one E. Dade in actual possession of the E. B. Jackson one-third league of land, and inasmuch as, at that time and since that time, the said Lewy and Sonnentheil were claiming the entire one-third league of land under deeds describing the entire one-third league, duly recorded in the deed records of Liberty County, Texas, and inasmuch as Rube Rushing was in actual possession of the land at the

time of the filing of this suit for Lewy and Sonnentheil, claiming the same by, through and under E. Dade, this was sufficient to put these defendants in actual possession of the entire one-third league, and was sufficient to support the statutes of limitations of ten years in their favor for said one-third league, and the charge complained of is erroneous, and is reversible error, in that it takes from the jury the consideration of question of ten years limitations plead by the defendants and raised by the evidence, Sayles' Revised Statutes, art. 3344; Craig v. Cartwright, 65 Texas, 413; Pearson v. Boyd, 62 Texas, 541; Burton Heirs v. Carroll, 96 Texas, 320; Johnson v. Simpson, 22 Texas Civ. App., 290; Doom v. Taylor, 79 S. W., 1088; Parker v. Cameron, 86 S. W., 648; Richards v. Smith, 67 Texas, 612; Simpson v. Johnson, 92 Texas, 161.

Where there is any evidence whatever raising an issue involved in the case, it is the duty of the trial court to submit this issue to the jury, and a refusal to do so, when his attention is called to the issue by a special charge in such a manner as would require or authorize the court to give a charge upon the same, is reversible error. Gulf, C. & S. F. Ry. Co. v. Hodges, 76 Texas, 93; Needham v. Bythewood, 61 S. W., 426; Freybe v. Tiernan, 76 Texas, 291; Williams v. Emberson, 22 Texas Civ. App., 528; Nativel v. Raymond, 59 S. W., 312; Watts v. Bruce, 31 Texas Civ. App., 347; Bering v. Ashley, 30 S. W., 838; McCarty v. Johnson, 20 Texas Civ. App., 184; Porter v. Miller, 76 Texas, 597; Simpson v. Johnson, 92 Texas, 159; 44 S. W., 1076; 22 Texas Civ. App., 290; Fischer v. Giddings, 74 S. W., 85; Doom v. Taylor, 35 Texas Civ. App., 251; Giddings v. Fischer, 97 Texas, 184; Parker v. Cameron, 86 S. W., 648.

*Hutcheson, Campbell & Hutcheson* and *Stevens & Pickett,* for appellees.—Though a verdict itself may seem uncertain, still it should be upheld, if, by reference to the entire record, its meaning can be made manifest and beyond doubt. Pearce v. Bell, 21 Texas, 691; Jones v. Ford, 60 Texas, 131; Gulf, C. & S. F. Ry. Co. v. James, 73 Texas, 18; Kinkler v. Junica, 84 Texas, 120; St. Louis, A. & T. Ry. Co. v. Henderson, 86 Texas, 309.

In a civil case the court may assume as proven facts established by uncontradicted testimony, and no issue thereon need be submitted to the jury for its decision. Therefore, the court did not err in charging the jury that the uncontroverted evidence showed that plaintiffs and the Central Trust Company were innocent purchasers for value; and, furthermore, there is no error in this charge, because E. B. Pickett, Jr., not a party to this suit, testified as to the value paid by J. R. Wylie when Wylie bought the land from him. Fort. Worth & N. O. Ry. Co. v. Pearce, 75 Texas, 283; Baldridge v. Cartrett, 75 Texas, 633; Denham v. Trinity County Lumber Co., 73 Texas, 82; Hedgepath v. Robertson, 18 Texas, 872; Bonner v. Green, 6 Texas Civ. App., 96.

Where deed records have been destroyed, every circumstance, though some of them be weak, can be offered to show the execution and existence of a deed the record of which has been destroyed (and the original deed cannot be produced because of loss or destruction thereof), and therefore the court committed no error in admitting in evidence the deed from H. H. Dever, as sheriff, to Robert H. Calhoun, dated May 3, 1871,

conveying 240 acres of land out of the E. B. Jackson survey in question, as it was offered as a circumstance to show that H. H. Dever, as sheriff, on the same day sold to E. G. Thompson 1,076 acres of the same survey, and 160 acres thereof to Matthias Bristley, these three tracts aggregating 1,476 acres, which was the entire number of acres in the survey. Newby v. Haltaman, 43 Texas, 318; Hendricks v. Huffmeyer, 27 S. W., 778; Baylor v. Tillebach, 20 Texas Civ. App., 490; Herndon v. Burnett, 21 Texas Civ. App., 25; Crain v. Huntington, 81 Texas, 615.

A deed more than thirty years old, which has been executed under a power, can be offered in evidence without proof of such power being made, as it is presumed after that long lapse of time that the power existed duly authorizing the grantor to execute the deed thereunder. Garner v. Lasker, 71 Texas, 435; Harrison v. McMurray, 71 Texas, 128; O'Donnell v. Johns, 76 Texas, 362.

The court did not err in admitting in evidence certified copy by clerk of Supreme Court of an extract from a transcript on record in said court among the papers in cause No. 1,269, there on file, and styled L. L. Lanier, appellant, v. R. M. Perryman et al., appellees, because same was offered merely as a circumstance to show the execution of such a deed, from H. H. Dever, as sheriff, to E. G. Thompson, and as such was admissible, with all the other circumstances and testimony offered, to establish the fact that H. H. Dever had, as sheriff, conveyed to E. G. Thompson the land sued for by appellees Lanier and Wylie, and at the same time had conveyed also to Mat. Bristley the 160 acres of the survey in question sued for by the appellee Central Trust Company; and furthermore, this certified copy was part of a court record which the law authorizes to be offered in evidence in the form of a certified copy. Crain v. Huntington, 81 Texas, 615; Newby v. Haltaman, 43 Texas, 318; Guilford v. Love, 49 Texas, 715; Collins v. Ball, 82 Texas, 259; Hendricks v. Huffmeyer, 27 S. W., 778; Rev. Stats., art. 2306, 1895; Hubert v. Bartlett, 9 Texas, 97.

FLY, ASSOCIATE JUSTICE.—This is an action of trespass to try title to 1,076 acres of land in Liberty County, out of a survey of 1,476 acres patented to A. B. Hardin, assignee of E. B. Jackson. The plaintiffs were Howard S. Lanier and James R. Wylie, and the defendants named in the original petition were Rube Rushing, Geo. Williamson, William Cherry, Charles Rice and James Terrell. In the amended petition, on which the cause was tried, the name of Terrell was omitted and that of Joe Rook was substituted, and it was alleged, in addition to the ordinary averments in cases of this character, that the defendants were trespassing upon the timber, and had used one thousand dollars worth of it, and a writ of injunction was sought to restrain the cutting and use of the timber.

Rube Rushing filed an original answer, and first and second amended answers, being joined in the two latter by Gus Lewy and Jacob Sonnenthiel, who seem to have voluntarily entered the case as defendants. In the last amended answer they pleaded general denial, limitations of five and ten years, and filed a cross action against Howard S. Lanier, James R. Wylie, George Williamson, William Cherry, Charles Rice, James Terrell, J. W. Wells, T. J. Hanson, Edgar Hanson, Alma Hanson, N.

A. Charpiot, S. Joachim, J. H. Koinm, Geo. A. Byers, Lula M. Branch, Wharton Branch, W. S. Swilley, L. L. Lanier, The Houston Land & Trust Company, The Central Trust Company and the National Oil Developing Company, for the Edward B. Jackson one-third of a league, out of which the plaintiffs claimed 1,076 acres. Wharton Branch, Lula M. Branch and W. S. Swilley disclaimed all interest in the land. Geo. A. Byers disclaimed all interest in the land except as to forty acres which he sold as trustee of the National Oil Developing Company to J. H. Koinm. The last named disclaimed except as to the forty acres sold to him by Byers. J. H. Wells pleaded not guilty, and set up claim to forty acres of land, and as to that pleaded five and ten years limitations. William Cherry pleaded not guilty, and asserted title to 154 acres of the land, and pleaded limitation of ten years. C. M. Rice pleaded not guilty, and claimed part of the land by ten years limitation. The Central Trust Company disclaimed as to all but 160 acres of the land, and filed a cross-action as to the 160 acres of land against Rushing, Lewy and Sonnenthiel. Joe Rook pleaded not guilty, asserted claim to 160 acres, and set up title to the entire tract of the land by limitation of ten years.

The cause was tried by jury, which returned the following verdict: "We, the jury, find from all the evidence in the case a verdict for the plaintiffs, and against all of the defendants in the case. We also find a verdict in favor of the Central Trust Company against all of the defendants in the case." Judgment was rendered dismissing as to William Cherry at the instance of appellees Lanier and Wylie, and as to J. H. Wells, T. J. Hanson, N. A. Charpiot, Edgar Hanson, Alma Hanson, Geo. Williamson, James Terrell, S. Joachim, K. F. Purdy, The National Oil & Developing Company and L. L. Lanier, at the instance of Rushing, Sonnenthiel and Lewy. Judgment was further rendered that Rushing, Lewy and Sonnenthiel recover of W. S. Swilley, Wharton Branch, Mrs. Lula M. Branch and the Houston Land & Trust Company as to the land to which they disclaimed title, and also that Howard S. Lanier and James R. Wylie recover of Rube Rushing, George Williamson, Charles M. Rice, Joe Rook, Gus Lewy and Jacob Sonnenthiel the 1,076 acres sued for by them, and that the Central Trust Company recover of Rube Rushing, Gus Lewy and Jacob Sonnenthiel the 160 acres claimed by that company, and Rushing, Lewy and Sonnenthiel take nothing as to George A. Byers and J. H. Koinm. This appeal is prosecuted by Rushing, Lewy, Sonnenthiel, Rice and Rook.

The first, second and third assignments of error are to the effect that the court erred in rendering judgment in this cause, because it was not authorized by the charge or the verdict. The verdict finds in favor of Lanier and Wylie as against all the defendants, and in favor of the Central Trust Company as against all the defendants. The charge told the jury that, if they found a certain deed was made, they should find for the plaintiffs, and that if a certain deed for 160 acres was made to the Central Trust Company to find for it for that land. It is the rule that, where an uncertain verdict can be rendered certain by the record in the case, it will form a basis for a judgment. "A verdict is sufficiently certain which finds the issue, and may be rendered certain by reference to the pleadings." James v. Wilson, 7 Texas, 230; Wells v. Barnett, 7

Texas, 584; Parker v. Leman, 10 Texas, 116; Avery v. Avery, 12 Texas, 54; Galbreath v. Atkinson, 15 Texas, 21; Moke v. Fellman, 17 Texas, 367; Pearce v. Bell, 21 Texas, 688; Newcomb v. Walton, 41 Texas, 318; Traylor v. Townsend, 61 Texas, 144. A reference to the charge and to the petition of Lanier and Wylie, and to the cross-action of the Central Trust Company, makes it clear that the jury found for the plaintiffs for the 1,076 acres they sued for, against all the defendants, and that they found for the Trust Company for the land described in its pleading against all the defendants. The intention of the jury is what is desired to be ascertained, and that is apparent. The verdict disposed of every issuable matter in the case, and formed a sufficient basis for the judgment of the court. It is claimed by appellants that the verdict does not dispose of every issue, but they fail to point out one not met by the verdict. It is true that the court did not submit the issue as to whether Rushing & Company were entitled to what remained after deducting the 1,236 acres, but that was an omission which should have been supplied by them if they wanted that supposed issue passed upon.

There is nothing misleading about the charge of the court, in which the jury was instructed that if there was a judgment rendered against A. B. Hardin, and the land was sold by virtue of an execution issued thereunder, and was bought by E. G. Thompson, then that the land in controversy should be awarded to the plaintiffs. They sued for 1,076 acres and they recovered that number of acres. The jury seemed to know what was meant, and the court rendered the proper judgment on their verdict. No one was claiming the balance of the land after deducting the 1,237 acres awarded to Lanier and Wylie and the Central Trust Company, and if Rushing & Company wanted it they should have asked an instruction to that effect. However, there was no evidence tending to show that Rushing, Lewy and Sonnenthiel owned any part of the third of a league, unless it might have been by limitation. There was no evidence tending to show that the land was sold to Hermann prior to the time it was sold under execution to Thompson. The facts clearly indicate that the title to the land sued for by the plaintiffs and that sued for by the Central Trust Company was their property, and that the appellants had no right, title or interest in it. The fourth assignment of error, with its numerous propositions, is clearly without merit, and the same is true as to the fifth assignment of error.

The sixth assignment of error must be overruled. It clearly appeared by the uncontradicted evidence that if any deed was ever executed by A. B. Hardin to George Hermann prior to the date of the judgment herein referred to, which is extremely doubtful, that it was not recorded, and Lanier, Wylie and the Central Trust Company had no notice, actual or constructive, of its existence, and it did not stand in the way of their claim to the land, and the court did not err in so instructing the jury. It was shown that they were purchasers in good faith for value.

The use of the name Williamson, instead of Williams, in the charge of the court, was not misleading to any jury of ordinary intelligence. No one was deceived by it, and appellants were not hurt, because the evidence as to a deed from Hardin to Hermann and from Hermann to Williams was insufficient to establish the existence of either of such documents.

The first requested charge by Rushing was properly refused. It is upon the weight of the evidence, and fails to correctly set out the essentials necessary to constitute a title by limitations. The direct connection that Rushing and Lewy and Sonnenthiel, who are denominated the other defendants, had with the land could not, under the evidence, have begun more than seven years before the trial was had, and the issue of their possession alone should not have been presented. The charge confines the "continuous, peaceable and adverse possession" to Rushing, Lewy and Sonnenthiel, and does not seek to connect such possession with those under whom they claim. Appellants do not claim that the charge was a correct one, but that it suggested the issue, and that the court should have prepared and given a proper charge on the subject. If the evidence is sufficient to raise the issue of ten years as to Rushing, then the charge should have been given. This suit was filed on December 6, 1905, and in order to raise the issue there must have been evidence tending to show that Rushing and those under whom he claims have been in adverse possession of the land since December 6, 1895, so far as Lanier and Wylie are concerned. The testimony of W. H. Stubblefield was that he and Johnson went on the land in the fall of 1895, and that Dade came there and used their camp. What time he came on the land does not clearly appear. J. S. Johnson, being recalled, stated that Dade went in possession of the land in the fall of 1895. Mrs. Sorrell swore that the Rushing place had been continuously occupied for eleven years. There was evidence enough to take the case to the jury, and the court should have charged on the subject of limitations. The same can be said as to the charges requested by Rook and Rice on the subject of limitation. The issue should have been submitted to the jury, and the imperfect charge was sufficient to direct the mind of the court to the issue of limitations. Kirby v. Estill, 75 Texas, 484; Building & Loan Ass'n v. Newman (Texas Civ. App.), 25 S. W., 461; Carpenter v. Dowe (Texas Civ. App.), 26 S. W., 1002; Neville v. Mitchell, 28 Texas Civ. App., 89; Johnston v. Johnston, 67 S. W., 123.

The records of Liberty County had been destroyed by fire, and the court did not err in permitting proof to show that Devers was sheriff of the county, and that he sold certain land out of the E. B. Jackson survey to Thompson, as sheriff. That testimony, taken with other evidence, showed that a deed had been made by Sheriff Devers to E. G. Thompson to 1,076 acres of the E. B. Jackson survey, and that the deed had been lost or misplaced. The evidence was permissible. The deed, when last seen, was among certain papers in the District Court of Liberty County, and those papers could not be found. The proper predicate for proof of the deed was laid by the evidence. Every one who appeared to have had any connection with the deed had sought for and failed to find it.

The plat showing the subdivision of the E. B. Jackson survey, which was recorded in the records of Liberty County, was properly admitted to show that deeds had been executed by the sheriff to E. G. Thompson, Mathias Bristley and Robert H. Calhoun, the plat being offered in connection with a certified copy of a deed by the sheriff to said Calhoun. The plat showed lands sold to Thompson, Bristley and Calhoun, and, taken in connection with the deed on same date to Calhoun, was a circumstance to show execution of the other deeds. The deed to Calhoun

was admissible for that purpose. It was over thirty years old. Bounds v. Little, 75 Texas, 316; Crain v. Huntington, 81 Texas, 614.

Any and all circumstances tending to show the existence of the deed from the sheriff to Thompson and Bristley were admissible, and the statement in a statement of facts in the cause of L. L. Lanier v. R. M. Perryman, on file in the Supreme Court of Texas, which showed that a deed from the sheriff to Thompson and Bristley had been placed in evidence in a trial of that cause in Liberty County, tended to show the existence of those deeds, and was permissible in evidence. Perryman was one of the parties through whom appellees claimed the land.

The judgment of the District Court, except as to the three parcels of 160 acres each, claimed by Rushing, Rice and Rook by limitations, will be affirmed and reversed as to those tracts of land.

*Affirmed in part and reversed in part.*