WALKER et al. v. GORE et al.    (No. 1029.)

(Court of Civil Appeals of Texas. Beaumont. Dec. 19, 1923.)

1. Mortgages ⬳48(2)—Description in deed of trust held not void on its face.

A description in a deed of trust as follows: "Also a receipt of F. Hardin for twelve hundred and eighty acres of land to be located in the county of Liberty, certificate issued from the War Office of B. E. Bee, Secy. of War, dated December 14th, 1837, which is also hereto attached and marked Exhibit C"—held not void on its face, but void only in the event that claimants thereunder had offered no extraneous proof in aid of a description of sufficient probative force to locate the land.

2. Mortgages ⬳109—Land described in deed of trust held sufficiently identified to remove latent ambiguity.

In trespass to try title, wherein plaintiffs claimed under foreclosure of a deed of trust, held, that evidence offered by plaintiff sufficiently identified the land referred to in the deed to relieve the description of its latent ambiguity.

3. Trespass to try title ⬳40(5)—Record in former case held properly admitted on question of existence of deed.

In trespass to try title, wherein plaintiffs claimed under foreclosure of a deed of trust, held, that it was not error to receive in evidence the record in a former case, to be considered with other circumstances, on the issue of the existence of the trustee's deed.

4. Adverse possession ⬳104—When the existence of necessary deed to sustain chain of title presumed stated.

After a long lapse of time during which claimants under a deed have openly asserted title and have exercised ownership to certain land, paying taxes thereon, and such assertion of ownership has not been disputed, and there has been a continuous nonclaim on the part of the adverse party, the execution or existence of a necessary deed to sustain claimants' chain of title may be presumed.

Appeal from District Court, Liberty County; J. L. Manry, Judge.

Trespass to try title by Laura Gore and others against Tipton Walker and others. Judgment for plaintiffs, and defendants appeal. Affirmed.

J. Llewellyn, of Liberty, for appellants.
Baker, Botts, Parker & Garwood, of Houston, and E. B. Pickett, Jr., of Liberty, for appellees.

WALKER, J. This was a suit in trespass to try title, involving the Samuel Jones survey of 626 acres in Liberty county, instituted by appellees Mrs. Laura L. Gore, her husband, Alfred W. Gore, Mrs. Laurence O. Schetky, and her husband, Laurence O. Schetky, against appellants Fannie S. W. Walker, Mary I. Walker, and Tipton Walker, who were served in person, and Mrs. Catherine S. Walker, a nonresident, the unknown heirs of Robert Walker, E. T. Walker, and the unknown heirs of E. T. Walker, who were served by publication, and represented in the lower court by Judge J. Llewellyn, appointed to that office by the court. All of the appellants answered by general demurrer, general denial, and plea of not guilty. Appellees sued to recover the entire Samuel Jones survey, situated in Liberty county, Tex., describing the same by the field notes under which it was patented, and with the following additional description:

"It is the same land conveyed to Robert Walker by patent from the state of Texas, dated on the 8th day of June, A. D. 1863, and recorded on January 17, 1889, in book 1, in the Deed Records of Liberty county on pages No. 70 and 71."

Appellees offered in evidence a regular chain of title from the sovereignty to themselves. Appellants excepted to the introduction of a deed of trust, through which appellees must claim, and to the sufficiency of the facts and circumstances relied upon by appellees to establish the existence of a deed by the trustee under the deed of trust in question. As appellees' title is sufficient in all other respects—at least it was not excepted to—to sustain the judgment of the court, it is necessary for us to give only those facts bearing on appellants' exceptions.

The deed of trust contained the following description to sustain appellees' judgment:

"Also a receipt of F. Hardin for twelve hundred and eighty acres of land to be located in the county of Liberty, certificate issued from the War Office by B. E. Bee, Secy. of War, dated December 14th, 1837, which is also hereto attached and marked Exhibit C."

Appellants reserved the following exceptions to the sufficiency of this description:

"Because the same was immaterial and irrelevant, for that said deed of trust did not describe or purport to convey the land in controversy herein or the certificate upon which same was located, but only purported to convey a receipt of one F. Hardin for 1,280 acres of land to be located in the county of Liberty. Certificate issued from the War Office by B. E. Bee, Secretary of War, dated December 14,

1837; it appearing from the patent from the state of Texas to Robert Walker theretofore introduced in evidence by plaintiffs that the land in controversy was granted to R. O. Walker by virtue of bounty warrant No. 924 for 1,280 acres of land issued to Samuel Jones on the 11th day of December, 1837; and defendants further objected to the admission of said deed of trust in evidence, because the description of the property sought to be described therein in subdivision C thereof was too indefinite and uncertain to pass title to the land in controversy or the certificate under which it was located, which objection was by the court overruled."

[1] The deed of trust was executed by Robert Walker to G. W. Broderick, trustee, on the 28th day of November, 1842, to secure Joshua Burr in the payment of a note for $175. The description in the deed of trust is not void on its face, but would be void only in the event that appellees have not offered extraneous proof in aid of the description of sufficient probative force to locate the land. The original deed of trust was destroyed by fire many years ago, but a copy of its registration was offered in evidence, except as to Exhibit C, which was not of record. In aid of the description and as links in their chain of title, appellees offered in evidence the following facts and circumstances:

The following certificate issued to Samuel Jones:

"No. 974.        Republic of Texas        Acres.

"Know all Men to Whom These Presents Shall Come: That Samuel Jones, having served faithfully and honorably for the term of fourteen months from the ninth day of October, 1836, until the fourteenth day of December, 1837, and being honorably discharged from the army of Texas, is entitled to twelve hundred & eighty acres bounty land for which this is his certificate.

"And the said Samuel Jones is entitled to hold said land or to alienate, convey and donate the same and exercise all rights of ownership over it.

"This certificate will be transferrable by endorsements: With a deed before any competent authority with witnesses to the same.

"In testimony whereof, I have hereunto set my hand at Houston this day of December 11th, 1837.

·  "Barnard E. Bee, Secy. War,
                              "Master General.
"Approved May 6th, 1846.
        "Wm. G. Cook, Adjt. Genl."

Across the face of the above in red ink is written:

.  "Registered & Approved Oct. 28, 1858.  Edward Clark, Comr. of Claims.
  "City of Houston, Decr. 16th, 1837."

Indorsed on this certificate was a chain of transfers from Jones to Charles P. Green, of date December 16, 1837, and from Green to Willis Alston, of date December 30, 1837. The acknowledgment of one of the subscribing witnesses to the transfer from Green to Alston, indorsed on the back of the original certificate, describes it as a "bounty land certificate for 1,280 acres originally granted to Samuel Jones, No. 974 or 674, dated the 14 Decr. 1837." Appellees also introduced a certified copy from the Land Office of transfers of same certificate on separate instruments, from Samuel Jones to Charles P. Green, dated December 16, 1837, and from Willis Alston to Robert Walker, dated December 26, 1838. The transfer from Jones to Green described the certificate as follows:

"A land certificate number nine hundred & seventy-four, signed and issued by the Honorable Barnard E. Bee, Secretary of War, of the Republic of Texas, and dated the 14th day of December, A. D. 1837, for twelve hundred & eighty acres being the bounty land for my services in the army of the Republic."

This transfer bears the following acknowledgment:

"Republic of Texas, Harrisburg County.

"Be it known on this 18th day of December in the year 1837, before me Andrew Briscoe, Chief Justice of the county and ex officio a notary duly commissioned and sworn personally came and appeared Thomas J. Green, and Willis Alston, to me personally known who being sworn severally says that they was present at the execution of the within deed together with a transfer indorsed on the original that they signed the same as witnesses and that they recognized their names to those several instruments signed to be their proper signatures.

"To certify which for all purposes for the benefit of the grantee, I grant these presents under my hand and seal of the county at Houston the day and year aforesaid.

                         ·  "A. Briscoe,
"[Seal.]  .    C. J. H. C. ex off. Not. Pub."

The transfer from Alston to Walker contains the following description:

"A certificate for twelve hundred and eighty acres of bounty lands granted to Samuel Jones by the Secretary of War 'for services rendered the government from the ninth day of October one thousand eight hundred and thirty-six until the fourteenth day of December one thousand eight hundred and thirty-seven, and by him sold and transferred to Charles P. Green, by deed of conveyance dated the sixteenth day of November one thousand eight hundred and thirty-seven and by said Green transferred on the back of said certificate on the thirtieth day of the same year to. said Willis Alston the present vendor as appears by said certificate No. nine hundred and seventy-four and said deeds of conveyance and transfers hereunto annexed."

The land in controversy was patented to Robert Walker, assignee of Samuel Jones, on the 8th day of June, 1863, and described the land as follows:

"Granting six hundred and twenty-six acres of land situated and described as follows: In Liberty county, about 7 miles east from the town of Liberty, by virtue of bounty warrant No. 924 for 1,280 acres issued to said Jones

by the Secretary of War of the late Republic of Texas, December 11th, 1837, and which was conveyed to Charles P. Green December 16th, 1837, who conveyed the same to Willis Alston December 30th, 1837, by whom it was transferred to said Walker October 26th, 1838."

This description is followed by the specific field notes which appellees gave in their petition.

In weighing the sufficiency of the facts and circumstances offered by appellees to sustain the description, it must be presumed that Robert Walker, by this instrument, intended to convey to George Broderick, as trustee, his title to some certificate. Cook v. Oliver, 83 Tex. 562, 19 S. W. 161. It must also be presumed that Walker owned the certificate he was attempting to describe, and that he executed the instrument in good faith. Garrard v. Cantrell (Tex. Civ. App.) 232 S. W. 912. Also the description in the deed of trust must be interpreted in the light of the facts as they existed and were known to the parties when the deed of trust was executed. Bank v. Bank, 84 Tex. 369, 19 S. W. 517. The record shows that Walker owned the certificate in question at the time of the execution of the deed of trust, and it was not shown that he owned any other certificate of a similar description. The description given in the deed of trust described the certificate as being for 1,280 acres of land to be located in Liberty county; the certificate introduced by appellees was located in Liberty county. The certificate described was for 1,280 acres; the one introduced was for 1,280 acres. The certificate described was "issued from the War Office by B. E. Bee, Secretary of War, dated 14th of December, 1837;" the one introduced was issued by the same authority, but dated the 11th day of December, 1837, the indorsements on the back thereof conveying it, as well as the separate instruments conveying it, describing the certificate as of date 14th of December, 1837. Although the description in the deed of trust does not give the name of the party to whom the certificate was issued, yet it does describe an entire certificate for 1,280 acres, and the patent from the state of Texas to Robert Walker to the land in controversy described the land as 626 acres located in Liberty county "by virtue of bounty warrant No. 924 for 1,280 acres, issued to said Jones by the Secretary of War of the late Republic of Texas, December 11, 1837, and which was conveyed to Charles P. Green December 16, 1837, who conveyed the same to Willis Alston December 30, 1837, by whom it was transferred to said Walker October 26, 1838."

[2] There was confusion, also, as to the number of the certificate. On its face it was numbered 974. In one of the indorsements indorsed on the back thereof it was described as 974 or 674. In the patent it was described as 924. In explanation of the discrepancies,

both as to the date and as to number, it is well to bear in mind that the chain of transfers of the certificate as given in the patent was fully sustained. So, we think, it conclusively appears that the land in controversy was patented by virtue of bounty warrant No. 974, issued by B. E. Bee, as Secretary of War, to Samuel Jones, and in our judgment the facts and circumstances offered by appellees sustain the trial court's finding that the description given in the deed of trust was shown to have reference to the Jones bounty warrant, and sufficiently identifies the same as to relieve it of its latent ambiguity. We think the following authorities sustain this conclusion: Kingston v. Pickins, 46 Tex. 101; Flanagan v. Boggess, 46 Tex. 332; Ragsdale v. Robinson, 48 Tex. 396; Bitner v. Land Co., 67 Tex. 342, 3 S. W. 301; Giddings v. Day, 84 Tex. 607, 19 S. W. 682; Smith v. Crosby, 86 Tex. 20, 23 S. W. 10, 40 Am. St. Rep. 818; Pierson v. Sanger, 93 Tex. 163, 53 S. W. 1012; Ragsdale v. Mays, 65 Tex. 257; Adams v. Maris (Tex. Com. App.) 213 S. W. 622; Morrison v. Dailey (Tex.) 6 S. W. 427; Cox v. Rust (Tex. Civ. App.) 29 S. W. 808; Tarlton v. Kirkpatrick, 1 Tex. Civ. App. 107, 21 S. W. 408; Henry v. McNew, 29 Tex. Civ. App. 288, 69 S. W. 216; Fidelity Union Fire Insurance Co. v. Mitchell (Tex. Civ. App.) 249 S. W. 538; MacKechney v. Temple Lumber Co. (Tex. Civ. App.) 197 S. W. 744, by this court, and the same case by the Commission of Appeals in 228 S. W. 177.

Appellees offered the following facts and circumstances to show the existence of a deed from George W. Broderick, trustee, under the above-described deed of trust:

All the deed records and court records of every kind of Liberty county were destroyed by fire in December, 1874. On the 2d of October, 1888, Joshua Burr filed suit in the district court of Liberty county, No. 1642, against the unknown heirs of Robert Walker, alleging in his petition that on November 28, 1842, Robert Walker executed to G. W. Broderick, as trustee for the benefit of plaintiff, a deed of trust, containing the following description:

"A receipt given by F. Hardin to said Walker for a certain certificate to be located for the benefit of Walker by said Hardin in Liberty county, Texas. Said certificate was for twelve hundred and eighty (1,280) acres of land, and was issued from the War Office by B. E. Bee, Sec'y of War of the Republic of Texas to Sam Jones, on the 14th day of December, A. D. 1837, and by said Jones conveyed to Charles P. Green and by said Green conveyed to Willis Alston, December 30th, 1837, and by said Alston conveyed to Robert Walker on the 26th day of October, A. D. 1838."

It was also alleged in said petition that the indebtedness which said deed of trust secured was not paid, and that Broderick, as

trustee, sold all the property described in said deed of trust on the —— day of December, 1843, to Joshua Burr, and executed and delivered to him a deed therefor, and continuing it was alleged in said petition:

"That said property was described in said deed from said Broderick to petitioner; as hereinbefore described. That said deed to petitioner from said Broderick was duly signed and acknowledged by said Broderick before W. R. Baker, clerk of the county court of Harris county, Texas, on the —— day of February, A. D. 1844, and the proper certificate attached thereto, and was on the 19th day of December, A. D. 1850, duly recorded in the records of deeds of Liberty county, Texas.

"Petitioner further represents that on the —— day of December, A. D. 1874, the courthouse of the county of Liberty, state of Texas, was destroyed by fire and the record books of said county, including the one in which said deed was recorded, were destroyed.

"That prior thereto, to wit, on the —— day of June, A. D. 1868, the storehouse of petitioner, at Davenport, Iowa, in which said deed executed to him by said Broderick was kept was destroyed by fire, together with said deed.

"Petitioner further represents that said certificate, held by said Hardin, and for which he executed his receipt to said Walker, and which is described in said deed of trust, was located in Liberty county, and patents have issued for the same."

Without objection from appellants, appellees offered this petition in evidence, and it was received by the court. Appellees offered a certified copy of interrogatories to Joshua Burr in said cause 1642, and a certified copy of the depositions given by Burr in answer to said interrogatories, wherein Burr testified that he knew Robert Walker from about November, 1839, until the time of his death in Houston, some time in the spring of 1844; that he knew George Broderick, who resided in Houston and was a clerk in Burr's store in that city, and died there in the year 1863 or 1864; that Robert Walker, on November 28, 1922, executed a deed of trust to George W. Broderick, trustee, to secure an indebtedness for $175, which Walker owed to Burr. In this deposition, Burr testified further as follows:

"I had said trust deed in my possession and kept it in an iron safe in my store in Davenport, state of Iowa. On September 3, 1867, that store was destroyed by fire, and with it, the iron safe and the trust deed were also destroyed.

"The said trust deed was executed on or about the day of its date, November 28, 1842, and was recorded in the county of Harris records of deeds state of Texas, Book H, pages 318 and 319, as appears by the certificate of A. K. Taylor, county clerk of Harris county, dated February 18, 1879, to a certified copy of the record of said deed of trust."

"Three exhibits were attached to said deed of trust as follows: The plat of survey and field notes of the headright of Robert Walker in the county of Goliad, No. 242, containing 640 acres, which was marked Exhibit A; second, the certificate of said Walker for 640 acres of land, No. 1350, granted by the commissioners of the county of Harris, on January 1, 1840, which was marked Exhibit B; and third, a receipt of F. Hardin for twelve hundred and eighty acres of land to be located in the county of Liberty, certificate issued from the War Office by B. E. Bee, Secretary of War, dated December 14, 1837, which was marked Exhibit C. The said deed of trust was recorded, as stated above, but I cannot say whether the exhibits were recorded or not. The record is still in existence, but I have no memorandum of that fact.

"The exhibit marked C was a receipt of F. Hardin, who was then county surveyor for Liberty county, for a certificate for 1,280 acres of land issued to Samuel Jones by virtue of bounty warrant No. 924, by B. E. Bee, Secretary of War, dated December —, 1837. The certificate had been delivered to Hardin for the purpose of locating and surveying the land. The surveys had not been made or field notes returned at the time Tipton Walker quitclaimed the other two pieces to me. Afterwards the notes of the survey and location were returned to the General Land Office at Austin, Texas. The certificate was located on two tracts: One for 653 acres, and the other for 626 acres. The state of Texas issued a patent for each piece. The one for the first piece was dated May 18, 1846. It is in my possession and has always been since it was issued. It is recorded in the records of Liberty county. I have paid the taxes on that land since the patent was issued. The one for the second piece and dated June 8, 1863—I do not know where the originals, and have been unable to ascertain. I have a certified copy, which is recorded in the records of Liberty county. I have paid the taxes for many years on that land. When the first patent was issued Tipton Walker was dead, and I could get no conveyance from him. The original receipt from F. Hardin remained attached to the trust deed, and was burned up in the fire at my store in Davenport on September 3, 1867.

"The name of the said trustee was George W. Broderick. After the indebtedness became due, he gave twenty days' notice that he would sell the property described in said deed of trust at public auction at the courthouse in the city of Houston, Tex., to the highest and best bidder. The said notices were posted up at the following places in Houston, viz.: At the courthouse, City Hotel, Houston House, Capitol Long Row (then the government headquarters), and at my store on Main street, on the day mentioned in the notices (which was on or about the 18th day of December, A. D. 1843), and at the time and place mentioned, the said trustee offered the property for sale at public auction to pay the indebtedness to me. I was personally present at the sale, and bid the amount of my debt and the property was sold to me, as I was the highest bidder."

"The said property was sold to me to pay off the indebtedness of said Robert Walker to me, secured by said trust deed."

"The deed was written by William R. Baker and duly acknowledged before him, as clerk of the county court of Harris county, and was afterwards acknowledged before either Peter

W. Gray or William F. Gray, a notary public, so that it could be recorded in the other counties. Peter W. and William F. Gray were father and son, and I cannot ·now remember which one was the notary. I think the deed was a special warranty deed and described the property as it was described in the trust deed. I cannot describe it more accurately than I have already done. Certificates of acknowledgment were attached to said deed. The said deed was recorded in Liberty and Milam counties in the state of Texas. After the deed was recorded it was returned to me, and I had the same in my possession until my store was burned out in Davenport, Iowa, on September 3, A. D. 1867. The notice attached was destroyed with it. I have never had any other copy of the notices posted up. The said deed was signed by George W. Broderick, trustee, was acknowledged by him, as stated above, and conveyed to me the property as described in said deed of trust. I caused the said deed to be recorded in the public records of the counties named. It was then returned to me, and I had it continuously in my possession until destroyed by fire on September 3, 1867.

"The property described in said trust deed was sold to me in exact accordance with the conditions set forth in said trust deed, after the debt became due and was unpaid. The deed for the property was signed, acknowledged, and delivered by the trustee to me, and I had the same recorded, as stated.

"That deed was dated on or about the 18th day of December, A. D. 1843, being as soon after the sale as the deed could be conveniently prepared. He executed the deed in his capacity of trustee appointed by the deed from Robert Walker to him, above referred to.

"The consideration mentioned in the deed was $175, the amount of my bid at the sale, being the indebtedness to me. The deed conveyed to me the property described in the deed of trust to him, and by substantially the same description, viz.: The headright of the party of the first part, located in the county of Goliad, No. 242, containing 640 acres; also a certificate of the said Walker for 640 acres of land No. 1350, granted by the Commissioners of the county of Harris on the 1st day of January, A. D. 1840; also a receipt of F. Hardin for 1,280 acres of land to be located in the county of Liberty, certificate issued from the War Office by B. E. Bee, Secretary of War, dated December 14, 1837.

"Proper certificates of each acknowledgment was attached to said deed. The said deed was recorded, returned to me, and afterwards destroyed as I have hereinbefore stated."

Appellants objected to the introduction of this deposition "because it appears from the record that said depositions were ex parte and self-serving, and no legal notice of the filing of such interrogatories and taking of such depositions were had on the defendants in said cause," which objections were by the court overruled. We take the following additional statement from appellees' brief:

"And over objection of appellants the trial court also admitted in evidence a certified copy of the final judgment rendered in said cause No. 1642, on August 16, 1889. In part this judg-

ment reads: 'This day came on to be heard the above styled and numbered cause, the plaintiff appearing by attorney and the defendants by James G. Minser, an attorney appointed by the court to represent them, the matters of law as well as of fact were submitted to the court, and the court having heard the evidence and 'argument of counsel duly considered the same, find that George W. Broderick, trustee, in a certain deed of trust executed by Robert Walker to secure the payment of an indebtedness due from said Walker to plaintiff, Joshua Burr, made, executed and delivered in accordance with said trust deed, after complying with all the requirements 'of said trust deed, a certain deed of conveyance to said plaintiff, Joshua Burr, on the —— day of December, 1843, which said deed so made executed and delivered to said Joshua Burr by said Broderick was in substance as follows.'

"And here in the judgment is set out a trustee's deed complete in form, dated the —— day of December, 1843, signed by G. W. Broderick, trustee, and reciting that under and by virtue of the deed of trust executed by Robert Walker to him on November 28, 1842, the property described in the deed of trust was on the 24th day of December, 1843, sold by Broderick to Joshua Burr for $175. And this trustee's deed from Broderick as set out in said final judgment in cause No. 1642, shows the conveyance to Joshua Burr of the same property as that described in the deed of trust from Robert Walker to Broderick as trustee, the description as written in this trustee's deed in part being: 'And a receipt given by F. Hardin to said Walker for a certain certificate to be located for the benefit of said Walker by said Hardin in Liberty county, Texas. Said certificate was for twelve hundred and eighty (1,-280) acres of land and was issued from the War Office of B. E. Bee, Secretary of War of the Republic of Texas, to Sam Jones on the 14th day of December, A. D. 1837, and by said Jones conveyed to Charles P. Green and by said Green conveyed to Willis Alston, December 30th, 1837, and by said Alston conveyed to the said Robert Walker on the 26th day of October, A. D. 1838.'

"And the said final judgment, after setting forth in full said trustee's deed, concluded as follows: 'And it further appearing to the court that said deed was duly acknowledged by said Broderick in the manner required by law before an officer authorized by law to take said acknowledgment, and that said officer attached his acknowledgment to said deed in the manner and form required by law, and that the said deed, after such acknowledgment as aforesaid, was duly recorded in the records of deeds of Liberty county, in the manner required by law, in the month of January, 1844, and that said deed and the record book containing the same were destroyed by fire in the year 1874; it is therefore considered that said deed from said Broderick, trustee as aforesaid, to said Joshua Burr be and the same is hereby in every respect substituted and established, and it is ordered that a certified copy of this decree properly recorded in the records of deeds of said Liberty county, Texas, shall have all the virtue and effect of said deed destroyed by fire, as aforesaid.'

"On February 1, 1896, Joshua Burr executed to Mary R. Burr a deed conveying the 626 acres

survey in controversy herein. And afterwards all title to this land passed into the appellees under wills executed by several .members of the Burr family and a deed from Amanda V. W. Burr to Marie B. Fiske, who is now the wife of Lawrence O. Schetky.

"The patent to this land was issued on June 8, 1863, and tax renditions from the comptroller's office show that the land was rendered in the name of Joshua Burr in 1885 and for the years 1893 to 1899, inclusive. Also the tax records show that in 1900 and 1901 taxes on the land were paid at Austin, but the name of the party making payment does not appear. The tax records further show that for the years 1903 to 1921, inclusive, taxes were paid either in the name of or in behalf of the Burr family, except for the year 1910. And on June 7, 1911, a redemption receipt issued to Joseph B. Leake, who evidently was acting for the Burr family, in payment of the 1910 delinquent taxes. We say that Leake was evidently acting for the Burr family because he was named as executor and trustee in the will of Mary R. Burr. Also on September 15, 1888, a redemption certificate was issued by the state comptroller to Joshua Burr to redeem this land from a sale which had been made to the state for the taxes of 1878.

"The name Robert Walker does not appear on any of the tax records, nor does the name of any member of the Walker family appear thereon, and there was no evidence in this case showing that any member of said family ever paid any taxes on this land. And further it does not appear that any assertion of title or claim of ownership was ever made to the land in controversy by any member of the Walker family during the long period of years which extends from November, 1842, when Robert Walker conveyed the land certificate in question to G. W. Broderick, trustee, until this suit was filed in December, 1920, more than three-fourths of a century."

[3] Appellees concede that the judgment in question in cause No. 1642 was void, on the ground that citation was published only four weeks, when the law at that time required publication for eight weeks, and they also concede that due publication was not had of the notice of the intention of the plaintiff in that cause to take the depositions of Joshua Burr. But in our judgment the depositions and the judgment were properly received in evidence as circumstances tending to show a continuous claim to the land in controversy by those under whom appellees hold. They do not insist that the judgment, as a judgment, vested in them the title to the land in controversy, nor that the disposition as made by the trial court of cause No. 1642 was res adjudicata of any issue in this case, but they offered the record in that cause, and it was received by the court only as a circumstance to be considered by the court in connection with the other circumstances in the case on the issue of the existence of the deed from George W. Broderick, as trustee, to Joshua Burr. We cannot escape the conclusion that the instruments objected to were properly received by the court on that issue.

In Brewer v. Cochran, 45 Tex. Civ. App. 179, 99 S. W. 1033, the rule for the reception of such evidence is fully discussed, and the court's conclusion has been cited with approval by the courts of this state. One of the latest discussions of the rule and of that case was by the Supreme Court in McGee v. Paul, 110 Tex. 470, 221 S. W. 257. As to the admissibility and weight of extraneous facts on such an issue, we cite also McCarty v. Johnson, 20 Tex. Civ. App. 184, 49 S. W. 1098; Sandmeyer v. Dolijsi (Tex. Civ. App.) 203 S. W. 117; Baylor v. Tillebach, 20 Tex. Civ. App. 490, 49 S. W. 721; Rushing v. Lanier, 51 Tex. Civ. App. 278, 111 S. W. 1089.

[4] But if the record in cause No. 1642 was improperly admitted, and if they have no probative force, yet we think the judgment of the trial court, finding the execution of such a deed, should be sustained. After a long lapse of time, during which period claimants under a deed have openly asserted title and exercised acts of ownership to a certain piece of land, paying taxes thereon, and such assertion of ownership has not been disputed, and there has been a continuous nonclaim on the part of the adverse party, the execution or existence of a necessary deed to sustain the claimant's chain of title may be presumed. Dailey v. Starr, 26 Tex. 569. The rule seems to be that, if it is more reasonable to presume that the deed in question was executed and delivered, than to presume the contrary, the finding of the court or jury of the existence of such a deed should be sustained. Frugia v. Trueheart, 48 Tex. Civ. App. 513, 106 S. W. 739; Dailey v. Starr, supra; McGee v. Paul, supra; Brewer v. Cochran, supra; Humphreys v. Green (Tex. Civ. App.) 234 S. W. 562; Bounds v. Little, 75 Tex. 321, 12 S. W. 1109; Rushing v. Lanier, 51 Tex. Civ. App. 278, 111 S. W. 1089; Herndon v. Burnett, 21 Tex. Civ. App. 25, 50 S. W. 582; Johnson v. Lyford, 9 Tex. Civ. App. 85, 29 S. W. 57; Hirsch v. Patton, 49 Tex. Civ. App. 499, 108 S. W. 1015; Le Blanc v. Jackson (Tex. Civ. App.) 161 S. W. 64; Chapman v. Dickerson (Tex. Civ. App.) 223 S. W. 319.

On the proposition just announced, we take the following additional statement from appellees' brief:

"The evidence in the case at bar indicates that neither Robert Walker nor any member of his family ever paid any taxes on the land in question. And also neither Walker nor his heirs ever asserted title to the land in controversy after Walker executed the deed of trust to Broderick in 1842. The record shows that in 1894 E. T. Walker executed a power of attorney to Tom Bringhurst, and this power of attorney was recorded in Liberty county on July 24, 1897; no particular tract of land is mentioned in the power of attorney, but it relates to 'any and all lands to which E. T. Walk-

er is or may be entitled as one of the legal heirs of his grandfather, Robert Walker, deceased, situate, lying, and being in Texas.' A power of attorney in similar terms was executed to Tom Bringhurst on October 30, 1894, by A. L. Walker, Tipton Walker, Mary I. Walker, and Fannie S. Walker, and this power of attorney was filed for record on October 13, 1894. Also a power of attorney was executed by A. L. Walker, Fannie S. Walker, Mary I. Walker and Tipton Walker, residents of Galveston county, so the power of attorney states, to Charles Turner, on March 19, 1906. This power of attorney was filed in Liberty county on June 29, 1906, but it does not appear that any claim to the land in controversy was ever asserted under said powers of attorney. But, as above stated, the evidence shows no assertion of title to the land in controversy by any member of the Walker family after Robert Walker executed the deed of trust above mentioned. And a negative circumstance, not unimportant, is the fact that the certificate in question was only a piece of paper showing that the owner thereof was entitled to the number of acres mentioned in the certificate, and necessarily the certificate was delivered to some surveyor for the purpose of having the land located, and it was only natural that the owner of the certificate, when delivering same to the surveyor for such purpose, would take a receipt from the surveyor. And it appears that when Walker delivered this certificate to F. Hardin he did take such a receipt, and if Walker had still retained the receipt the probability is that his heirs would have found it among his papers, and would have then claimed it, and further would have attempted to have a patent issued for the land. But the evidence in this record indicates that the certificate was never in the possession of Robert Walker's heirs, and they gave no attention to applying for a patent, but if we may look to the deposition of Joshua Burr, taken in the old suit, No. 1642, it was he who had the patent issued and from his testimony it appears that F. Hardin was county surveyor of Liberty county at the time this certificate was said to be in his possession, that is, when Robert Walker executed the deed of trust in 1842. Also, in this deposition Burr testified that he paid taxes on this land for many years. Furthermore, it is undisputed that, after this land was patented in 1863, Joshua Burr paid taxes on it for a number of years. At least from 1885 to 1921 Joshua Burr and those who assert title under him have paid the taxes with exception of two or three years. And further, it is shown that in 1888 Burr redeemed the land from a tax sale to the state which was made for the taxes of 1878. Also of significance is the fact that during the long course of years extending from November, 1842, when Walker conveyed this land certificate to Broderick, trustee, to December 17, 1920, the date this suit was filed, only a few years less than a century, Joshua Burr and those members of his family who held title under him continued to assert title to this land certificate and the survey of land located thereunder, and to pay the taxes due the government thereon after the land was patented, with the exception of only a few years, and such assertion of claim and exercise of owner-

ship was made by them for so long a period, although during nearly all those many years they lived in a distant state, while none of the heirs of Robert Walker, although during a part of the time they lived in Texas, ever once actually asserted the mildest claim to the land or felt called upon, as a duty or otherwise, to contribute to the state or county as little as the taxes for only one year. The suit No. 1642 which Burr prosecuted against the unknown heirs of Robert Walker was filed in Liberty county on October 2, 1888. And above we have called attention to the fact that Burr alleged in the petition filed by him in that suit that the certificate by virtue of which the land in controversy was located was conveyed to him in December, 1843, by G. W. Broderick as trustee under the deed of trust which Robert Walker had executed on November 28, 1842, the allegations in said petition further being that said trustee's deed which Broderick executed to Burr was duly recorded in Liberty county, which record was destroyed when the courthouse of said county burned, in December, 1874, and that the original trustee's deed from Broderick to Burr was destroyed when a storehouse of Burr was burned, in June, 1868. And this petition was admitted in evidence without objection from appellants. And these same facts, with greater detail, are contained in the deposition which Joshua Burr gave under oath in said old suit No. 1642."

The facts of this record clearly authorized the trial court to presume the existence of a deed from George W. Broderick to Joshua Burr.

In our opinion, the judgment of the trial court should be in all things affirmed, and it is accordingly so ordered.